**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Theresa M. SELLERS,**
**Defendant–Appellee.**

No. 88–5528.

United States Court of Appeals,
Eleventh Circuit.

April 27, 1989.

Neil Karadbil, Asst. U.S. Atty., West Palm Beach, Fla., Linda C. Hertz, Lynne W. Lamprecht, Harriett R. Galvin, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellant.

Emory O. Williams, Jr., North Palm Beach, Fla. (Court-appointed), for defendant-appellee.

Appeal from the United States District Court for the Southern District of Florida.

Before TJOFLAT and JOHNSON, Circuit Judges, and BROWN *, Senior Circuit Judge.

---

* Honorable John R. Brown, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designa-

**JOHNSON, Circuit Judge:**

The government appeals the grant of defendant's motion for entry of judgment of acquittal under Fed.R.Crim.P. 29(c) after a jury returned a verdict of guilty of armed bank robbery in violation of 18 U.S.C.A. § 2113(a), (d), and 18 U.S.C.A. § 2. We reverse, reinstate the jury verdict, and remand to the district court for sentencing.

## I. FACTS

Theresa Sellers, the appellee in this case, and Samson Armstrong were charged with armed bank robbery of the Spring Lake branch of the First Home Federal Savings and Loan Association in Sebring, Florida, on January 25, 1988. On that day, Sellers drove Armstrong to the parking lot of the bank at approximately 2:00 P.M. Although it was a sunny day, Armstrong left the car wearing Sellers' raincoat and a glove on one hand. Sellers waited in the car in the bank parking lot. After robbing the bank at gunpoint, Armstrong stole the branch manager's car and drove west on Highway 98. Sellers saw Armstrong drive off and followed him west on Highway 98. Armstrong drove the stolen car into an orange grove near the intersection of U.S. Highways 98 and 27, left the stolen car, a monkey mask he had used as a disguise, the raincoat, and a pair of gloves in the grove, and met Sellers in the parking lot of a convenience store located at that intersection. Sellers then drove north on Highway 27 with Armstrong out of sight in the car with the satchel containing his gun and $10,000 from the bank. A detective of the Sebring Police Department stopped the car several miles down the road.

Armstrong pleaded guilty to bank robbery and was sentenced to 78 months in prison and assessed $50. Sellers' case went to trial. At the close of the government's case, Sellers moved for a judgment of acquittal under Fed.R.Crim.P. 29(a). The district court denied this motion, and after the defense rested, Sellers moved

tion.

again for a judgment of acquittal. The court reserved judgment on this motion, and the jury rendered a verdict of guilty. Seven days after the conclusion of the trial, the district court *sua sponte* extended the time for filing a motion for judgment of acquittal pursuant to its authority under Fed.R.Crim.P. 29(b). When Sellers filed such a motion under Fed.R.Crim.P. 29(c), the court granted it for insufficiency of the evidence. The government appeals.

## II. DISCUSSION

■ This Court has jurisdiction under 18 U.S.C.A. § 3731 to review decisions in criminal cases adverse to the government to the extent not prohibited by the Double Jeopardy Clause of the Fifth Amendment. *United States v. Wilson*, 420 U.S. 332, 337, 95 S.Ct. 1013, 1019, 43 L.Ed.2d 232 (1975). As a general rule, a judgment that the evidence is legally insufficient to sustain a guilty verdict constitutes an acquittal, and the Double Jeopardy Clause of the Fifth Amendment bars an appeal by the prosecutor. *Smalis v. Pennsylvania*, 476 U.S. 140, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986). That bar applies, however, only where subsequent factual determinations about guilt or innocence would result from a successful appeal. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). In this case, the result of a successful appeal is not retrial of factual issues of guilt or innocence but a reinstatement of the jury's verdict. *See United States v. Scott*, 437 U.S. 82, 91 n. 7, 98 S.Ct. 2187, 2194 n. 7, 57 L.Ed.2d 65 (1978) (quoting *United States v. Jenkins*, 420 U.S. 358, 365, 95 S.Ct. 1006, 1010–11, 43 L.Ed.2d 250 (1975)). Consequently, the Double Jeopardy Clause does not bar appellate review, and section 3731 provides this Court with jurisdiction over this appeal. *See, e.g., United States v. Greer*, 850 F.2d 1447, 1449–50 (11th Cir.1988).

■ In deciding a motion for entry of judgment of acquittal under Fed.R.Crim.P. 29(c), district courts should apply the same standard as that used for reviewing a conviction for sufficiency of the evidence. *United States v. Cole*, 755 F.2d 748, 763–64

(11th Cir.1985). The Court must view the evidence in the light most favorable to the government, *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *United States v. O'Keefe*, 825 F.2d 314, 319 (11th Cir. 1987). The prosecution need not rebut all reasonable hypotheses other than guilt. *United States v. Bell*, 678 F.2d 547, 549 (5th Cir.Unit B 1982) (en banc) ("It is not necessary for the evidence to exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt.") (footnote omitted), *aff'd on other grounds*, 462 U.S. 356, 103 S.Ct. 444, 74 L.Ed.2d 600 (1983). The jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial, *id.*, and the court must accept all reasonable inferences and credibility determinations made by the jury. *United States v. Sanchez*, 722 F.2d 1501, 1505 (11th Cir.), *cert. denied*, 467 U.S. 1208, 104 S.Ct. 2396, 81 L.Ed.2d 353 (1984); *see generally United States v. Goggin*, 853 F.2d 843, 844–45 (11th Cir.1988). The district court's determination that the evidence introduced at trial was insufficient to support the jury's verdict of guilt is an issue of law entitled to no deference on appeal. *United States v. Greer*, 850 F.2d at 1450 (quoting *United States v. Hayes International Corp.*, 786 F.2d 1499, 1500 (11th Cir.1986)).

■ The district court found "that the facts involving the defendant Theresa Sellers are as consistent with innocence as with guilt. Because the circumstances support either conclusion as easily, a reasonable minded juror would necessarily entertain a reasonable doubt of Sellers' guilt." This is an incorrect application of the standard for granting a motion for entry of judgment of acquittal under Rule 29. If the evidence fairly supports a verdict of guilty, such that a reasonable jury could find the defendant guilty beyond a reason-

able doubt, then the jury's verdict may not be overturned. *See generally United States v. Greer*, 850 F.2d at 1450 (question under Rule 29 is whether a reasonable jury could have found defendant guilty); *accord United States v. Gregory*, 730 F.2d 692, 706 (11th Cir.1984), *cert. denied*, 469 U.S. 1208, 105 S.Ct. 1170, 1171, 84 L.Ed.2d 321 (1985).

■ Sellers was convicted of armed bank robbery under 18 U.S.C.A. § 2113(a) and (d). The prosecution contended that Sellers aided and abetted Armstrong in the armed robbery of the bank, and Sellers was tried as a principal under 18 U.S.C.A. § 2.[1] This section does not make aiding and abetting a separate offense, but permits the government to charge an accomplice as a principal even though all of the elements of the substantive offense could not be proven against the accomplice. *United States v. Martin*, 747 F.2d 1404, 1407 (11th Cir. 1984). In order to convict Sellers, the prosecution had to prove three things: (1) that defendant associated herself with the crime as something she wished to bring about; (2) that defendant participated in the crime; and (3) that defendant sought by her actions to make the crime succeed. *United States v. Hernando Ospina*, 798 F.2d 1570, 1582 (11th Cir.1986) (per curiam) (quoting *United States v. Pepe*, 747 F.2d 632, 665 (11th Cir.1984)).

■ After reviewing the entire record, we hold that the evidence was sufficient for a reasonable jury to find Sellers guilty beyond a reasonable doubt. To prove association, the prosecution had to prove that Sellers shared Armstrong's intent to rob the bank. *United States v. Payne*, 750 F.2d 844, 860 (11th Cir.1985). This intent can be proven circumstantially by reasonable inferences drawn from Sellers' actions and presence at critical junctures in the commission of the bank robbery. Sellers drove Armstrong to the First Home Federal Savings and Loan Association on a sunny Monday afternoon; Armstrong took Sellers' raincoat, a monkey mask, a blue satchel, and a gun from the car and robbed the bank; after the robbery, Sellers drove to a convenience store six miles west of the bank, waited for several minutes, met Armstrong in the parking lot, and drove off with Armstrong in the car, out of sight, in possession of the blue satchel containing money from the bank and the gun. Sellers admitted she had discussed robbing a bank with Armstrong to solve their financial troubles, and at the time she was arrested Sellers made incriminating statements inconsistent with a lack of knowledge. Although presence alone is insufficient to support a conviction, *United States v. Pantoja-Soto*, 739 F.2d 1520, 1526 (11th Cir. 1984), *cert. denied*, 470 U.S. 1008, 105 S.Ct. 1369, 84 L.Ed.2d 389 (1985), presence is a factor to consider, and presence plus other circumstantial evidence may be sufficient. *United States v. Schwartz*, 666 F.2d 461, 463–64 (11th Cir.1982). From this sequence of events, the jury could reasonably have found that Sellers knowingly associated herself with the crime.

To prove participation, the prosecution had to prove that Sellers committed an overt act designed to aid the commission of the bank robbery. *Payne*, 750 F.2d at 860. These facts are sufficient for the jury to have found that Sellers participated in the robbery and sought by her actions to make it succeed. *See Hernando Ospina*, 798 F.2d at 1582. Sellers waited for Armstrong in the parking lot of a convenience store six miles from the scene of the robbery, picked him up, and concealed him in her car along with the gun and the money from the robbery. We conclude that a reasonable jury could have found from the evidence presented that Sellers aided and abetted Armstrong in the armed robbery of the Spring Lake Branch of the First Home Federal Savings and Loan Association. We hold therefore that the district court erred in granting Sellers' motion for entry of judgment of acquittal.

### III. CONCLUSION

The grant of defendant's motion for judgment of acquittal is REVERSED, the

---

**1.** The text of 18 U.S.C.A. § 2(a) is as follows: "Whoever commits an offense against the United States or aids, abets, counsels, commands, endures or procures its commission, is punishable as a principal."

jury's verdict of guilt is REINSTATED, and the case is REMANDED to the district court for sentencing.