[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 05-14648 and 05-14950

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 18, 2006
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 04-00592-CR-T-30-TGW
96-00036-CR-T-26-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL A. HORNE,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(September 18, 2006)**

Before BIRCH, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Michael Anthony Horne challenges his convictions and sentences for drug

trafficking and the unlawful possession of a firearm. We affirm.

## I. BACKGROUND

On May 4, 2004, Detective Richard Murray applied for a warrant to search a residence at 3314 East 5th Street Court in Bradenton, Manatee County, Florida. In an affidavit, Murray stated that a confidential informant had bought nine pieces of rock cocaine inside the residence during a controlled drug buy using $100 of identified currency. Murray stated that he had ensured the confidential informant possessed no contraband or money before he entered the residence, followed the confidential informant to the residence and observed him enter, and met him at a predesignated location after the buy, where Murray collected the drugs. A circuit judge found that there was probable cause to believe that drug laws of Florida were being violated within the residence and its curtilage and issued a search warrant. The warrant permitted the police to search the residence, "its curtilage, any vehicles located within the curtilage, and any and all persons found therein, who are reasonably believed to be involved in the crime or crimes," for illegal drugs, drug money, and any other drug or drug trafficking paraphernalia.

On the morning of May 13, 2004, Murray observed Michael Anthony Horne and another person, Kelvin Martin, arrive at the residence in a black Toyota Avalon. Horne backed the car into the driveway and parked under the carport.

2

Horne and Martin waited in front of the car for about twenty minutes until another man, Terrance Johnson, arrived at the residence. The three men entered the residence.

Police officers then executed the warrant and found Johnson, Horne, Martin, and another person in the residence. After the officers secured the four men, Murray "had [Horne] step outside to the rear of the residence so he wouldn't be present with everyone else, and [] read him his Miranda rights." Horne said he understood.

After Horne stated that he understood his rights, he asked Murray whether they could step to the side a little farther from the door. Murray later testified, "It was my impression that he didn't want anyone to hear him talk to me." Murray agreed to move away from the door and then asked Horne, "What's going on?" After some initial discussion, Horne asked to speak with another detective, Derek Pollock, who also was at the residence. Murray sent for Pollock and, during the approximately two minutes it took for Pollock to arrive at the rear of the house, Horne told Murray that he had "five ounces of coke in [] the back seat of his car."

Meanwhile, Pollock had used a drug detection dog to search Horne's car. The dog alerted Pollock to a pouch hanging from the passenger seat headrest that contained five bags of powder cocaine. Another officer, Patrick Bartholomew,

3

saw a handgun between the driver's seat and the center console of Horne's car. Horne later told Bartholomew that the gun was his and Johnson had paid him $1000 to transport the cocaine.

The officers placed Horne in a police car with Johnson. The car contained a hidden tape recorder that recorded what Horne and Johnson said. Horne said, "That gun fucked me up boy," and, "They fittin' fuck me on that gun . . . . Man, why did I even bring that shit with me, man why . . . Why?" Horne also said, "I said all that shit was mine. He didn't know it was in there. Had to let him go. Couldn't let him get fucked up like that."

On December 8, 2004, a federal grand jury indicted Horne on one count each of conspiracy to distribute and to possess with the intent to distribute cocaine, 21 U.S.C. §§ 846, 841(b)(1)(c), possession with the intent to distribute cocaine, 21 U.S.C. § 841(b)(1)(c); 18 U.S.C. § 2, possession with the intent to distribute cocaine within 1000 feet of the real property comprising a public elementary school, 21 U.S.C. §§ 841(a)(1) & (b)(1)(C), 860(a); 18 U.S.C. § 2, "knowingly carry[ing] a firearm during and in relation to, and [] knowingly possess[ing] a firearm in furtherance of, a violation of Title 21, United States Code, Sections 841(a)(1), 846 and 860(a), as alleged in Counts One, Two and Three above," 18 U.S.C. § 924(c)(1)(A)(i) & (c)(2), and possession of a firearm as a convicted

4

felon, 18 U.S.C. § 922(g)(1). The indictment stated that Horne committed the offenses in the Middle District of Florida.

On January 21, 2005, an attorney, Scott McCluskey, was appointed to represent Horne. On January 26, McCluskey moved for a continuance, which the district court granted. McCluskey later withdrew as counsel and a new attorney, Bryant Camereno, represented Horne. On March 2, Camereno moved for a continuance and stated that he needed at least 30 days to prepare for trial. The district court granted that continuance and scheduled the trial for the April calendar.

On March 14, Camereno filed three motions to suppress evidence. One motion sought to suppress "all statements made by the defendant in the presence of law enforcement authorities." Horne argued, in that motion, that his statements were not voluntary under Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966). Horne stated in that motion, "In all the confusion, the defendant has no memory of Miranda being read to him and absent any proof that it was in fact read to him, the United States bears the burden of proving it was read to him and that his statements were made knowingly and voluntarily." A second motion sought to suppress the cocaine and firearm that the officers seized from Horne's car on the ground that the search warrant was not supported by probable cause and was

5

overly broad. A third motion sought to suppress the cocaine and firearm and "any statements made by the defendant" on the ground that there was no probable cause to arrest Horne. Horne requested an evidentiary hearing in each motion. The district court denied each motion without an evidentiary hearing.

On March 31, Camereno filed an emergency motion to continue trial. Camereno explained that he had not had time to prepare for trial because he had been busy preparing the motions to suppress and preparing for other trials, but Camereno did not state how much more time he needed to prepare for trial. On April 1, the district court denied that motion to continue and scheduled the trial for April 18.

At trial, the government presented as evidence of Horne's guilt the firearm and cocaine that the officers found in Horne's car, Horne's statements to the officers, Horne's statements that were recorded by the hidden tape recorder in the police car, and the testimony of several officers. In his closing argument, Horne's lawyer repeatedly challenged the evidence of Horne's guilt. A jury convicted Horne of the offenses charged.

Horne filed several motions for judgment of acquittal. In one motion, Horne argued that the government had failed to prove that Horne committed the alleged crimes in the venue of trial. Horne acknowledged that he had not raised

6

that objection until after the close of evidence and after the district court had instructed the jury, but argued it should be considered as timely. In three other motions for judgment of acquittal, Horne challenged the sufficiency of the evidence against him. The district court denied the motions for a judgment of acquittal.

At sentencing, Horne objected to the presentence investigation report because it did not recommend a two-level reduction in his base offense level for acceptance of responsibility. Horne argued that he had cooperated with law enforcement officials when he was arrested. Horne explained that he had exercised his right to a trial to preserve his right to challenge the admission of evidence against him. The district court found that Horne had not accepted responsibility and sentenced Horne to 144 months of imprisonment.

## II. STANDARD OF REVIEW

Several standards govern our review in this appeal. First, we review a decision of a district court not to hold a hearing on the motions to suppress for abuse of discretion. United States v. Cooper, 203 F.3d 1279, 1285 (11th Cir. 2000). Second, when we review the disposition of a motion to suppress, we "review the district court's findings of fact under the clearly erroneous standard," United States v. Gil, 204 F.3d 1347, 1350 (11th Cir. 2000), "construe those facts

in the light most favorable to the party that prevailed in the district court," United States v. Gonzalez, 71 F.3d 819, 824 (11th Cir. 1996), and review "the district court's application of law to those facts de novo," Gil, 204 F.3d at 1350. Third, we review "the disposition of requests for trial continuances for abuse of discretion," United States v. Bowe, 221 F.3d 1183, 1189 (11th Cir. 2000), "and specific, substantial prejudice," United States v. Tokars, 95 F.3d 1520, 1531 (11th Cir. 1996). Fourth, we review de novo the denial of a motion for a judgment of acquittal notwithstanding the verdict. United States v. Garcia, 447 F.3d 1327, 1334 (11th Cir. 2006). "In considering a motion for the entry of a judgment of acquittal, a district court 'must view the evidence in the light most favorable to the government, and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt.'" United States v. Miranda, 425 F.3d 953, 959 (11th Cir. 2005) (quoting United States v. Sellers, 871 F.2d 1019, 1021 (11th Cir. 1989)). Fifth, we review a "district court's determination of acceptance of responsibility only for clear error." United States v. Dodd, 111 F.3d 867, 870 (11th Cir. 1997).

## III. DISCUSSION

Horne presents five arguments. First, Horne argues that the district court abused its discretion by not holding evidentiary hearings when it denied three

8

motions to suppress evidence. Second, Horne argues that the district court erred by denying those three motions. Third, Horne argues that the district court abused its discretion by denying his second motion to continue the trial. Fourth, Horne argues that the district court erred by not granting a judgment of acquittal. Fifth, Horne argues that the district court clearly erred by finding that Horne did not accept responsibility for his offenses. We discuss each argument in turn.

*A. The District Court Did Not Abuse Its Discretion by Not Holding Evidentiary Hearings in Denying Three Motions to Suppress Evidence.*

"A district court is not required to hold an evidentiary hearing on a pretrial motion." United States v. Beard, 761 F.2d 1477, 1480 (11th Cir. 1985); see Cooper, 203 F.3d at 1285 (11th Cir. 2000). A district court "may refuse a defendant's request for a suppression hearing and motion to suppress if the defendant fails to allege facts that, if proved, would require the grant of relief." United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985); see United States v. Harris, 914 F.2d 927, 933 (7th Cir. 1990). Horne's arguments that the district court abused its discretion by not holding an evidentiary hearing to resolve his three motions to suppress fail.

The district court did not abuse its discretion by not holding an evidentiary hearing regarding whether Horne's post-arrest statements were voluntary under

9

Miranda. Although a factual dispute would have existed as to whether Horne's statements were voluntary if Horne had asserted that the officers never read him those rights, see, e.g., Oregon v. Elstad, 470 U.S. 298, 307, 105 S. Ct. 1285, 1292 (1985) (stating that a statement "otherwise voluntary within the meaning of the Fifth Amendment must nevertheless be excluded from evidence" if the declarant did not first receive the Miranda warnings), Horne failed to assert in his motion to suppress post-arrest statements that he had not been read the Miranda rights. Horne stated, "In all the confusion, the defendant has no memory of Miranda being read to him and absent any proof that it was in fact read to him, the United States bears the burden of proving it was read to him and that his statements were made knowingly and voluntarily." Horne was not entitled to suppression on the ground that he had "no memory of Miranda being read to him," and the record reveals that Horne received the Miranda warnings, which renders harmless any discretion the district court might have abused in not holding a hearing. See United States v. Mena, 863 F.2d 1522, 1528 (11th Cir. 1989) ("Assuming the district judge should have held a suppression hearing to determine whether [the defendant's] statements were voluntary, we find any error harmless.").

The district court also did not abuse its discretion in not holding evidentiary hearings regarding whether the search warrant lacked probable cause and was

10

overly broad and whether probable cause existed to arrest Horne.  Horne's motions

presented issues of law, not fact.  See, e.g., United States v. Allison, 953 F.2d

1346, 1350 (11th Cir. 1992) (stating that the "question of what amounts to

probable cause is purely a question of law").  Neither motion raised a disputed

issue of fact that required resolution in an evidentiary hearing.  See Sablan v.

Dep't of Fin. of Commonwealth of Northern Mariana Islands, 856 F.2d 1317,

1322 (9th Cir. 1988) ("Like a trial, the purpose of an evidentiary hearing is to

resolve disputed issues of fact . . . .").

   B.  *The District Court Correctly Denied the Motions to Suppress Evidence.*

   Horne argues the district court erroneously denied his three motions to

suppress evidence.  One motion addressed whether Horne's statements were

voluntary under Miranda, another motion challenged the validity of the search

warrant, and a third argued that probable cause did not exist to arrest Horne.  We

discuss each motion in turn.

   The district court correctly denied the motion that addressed whether

Horne's post-arrest statements were voluntary under Miranda.  Although a

statement that is "otherwise voluntary within the meaning of the Fifth Amendment

must nevertheless be excluded from evidence" if the declarant did not first receive

the Miranda warnings, Elstad, 470 U.S. at 307, 105 S. Ct. at 1292, the record

11

shows that Horne received the Miranda warnings. Horne raises no other question about whether his waiver was voluntary, knowing, or intelligent. See Miranda, 384 U.S. at 444, 86 S. Ct. at 1612 (stating that, to be valid, a waiver of the rights under Miranda must be "made voluntarily, knowingly and intelligently").

The district court also correctly denied the motion in which Horne challenged the search warrant on the grounds that it lacked probable cause and was overly broad. Horne argues that the controlled buy, which Murray described in his affidavit, was insufficient to establish probable cause, but "[g]enerally, a controlled buy, when executed properly, is a reliable indicator as to the presence of illegal drug activity." United States v. Sidwell, 440 F.3d 865, 869 (7th Cir. 2006). A "common sense view to the realities of normal life," Wilson v. Attaway, 757 F.2d 1227, 1235 (11th Cir. 1985), leads to the conclusion that a residence contains drugs when a person enters that residence with no drugs and exits approximately one minute later with drugs, cf. Sidwell, 440 F.3d at 869 (concluding that a controlled buy established probable cause that a residence contained drugs when a "confidential informant entered the building without contraband" and "exit[ed] moments later" with cocaine). Horne's other argument, that the warrant was overly broad, also fails because the Fourth Amendment requires a search warrant to "particularly describ[e]" only "the place to be

searched" and "the persons or things to be seized."  U.S. Const. Amend. IV; see

United States v. Grubbs, ___ U.S. ___, ___, 126 S. Ct. 1494, 1500 (2006).  The

warrant described the residence in detail and limited the search to drugs and drug

paraphernalia and parts of the premise and people involved in crime related to

drugs.  The search warrant was valid.

The district court also correctly denied the motion in which Horne argued

that probable cause did not exist to arrest him.  While he was detained during the

search of the residence, Horne told the officers that his car contained illegal drugs.

That statement provided probable cause to arrest Horne.  Horne argues that that

statement was unlawfully obtained because he was unlawfully detained, but a

person may be detained during a search of a residence conducted pursuant to a

warrant based on probable cause.  Michigan v. Summers, 452 U.S. 692, 705, 101

S. Ct. 2587, 2595 (1981).  Because the search warrant was valid, Horne was

lawfully detained during the search and his statement provided probable cause to

arrest him.

C. *The District Court Did Not Abuse Its Discretion by Not Granting Horne's Motion to Continue Trial.*

Horne argues that the district court abused its discretion by not granting his

motion for a continuance.  A denial of a continuance can violate the right of "a fair

13

or reasonable opportunity to select the attorney of their choice" guaranteed to defendants as a matter of due process, United States v. Bowe, 221 F.3d 1183, 1190 (11th Cir. 2000), but Horne suffered no violation of that right. The district court granted the first motion to continue that Camereno filed, in which he stated that he needed at least 30 days to prepare for trial. Camereno had approximately 1.5 months from that continuation to prepare for trial. The refusal of the district court to grant Camereno more time to prepare for a trial that included evidence of a search of one car and one home, a small amount of cocaine and one firearm, few witnesses, and no complex expert testimony did not cause Horne substantial prejudice.

In support of his argument, Horne cites United States v. Verderame, 51 F.3d 249 (11th Cir. 1995), in which we concluded "that the district court abused its discretion in denying [] several motions for continuance and caused [the defendant] to suffer substantial prejudice in presenting his defense," id. at 252. Verderame is impertinent to this appeal because that decision involved years of investigation by the government, "charges of participation in two major drug trafficking conspiracies," id. at 251, and only "34 days between arraignment and trial" to prepare a complex defense, id. at 252. Horne's case was simple. The district court did not abuse its discretion.

*D. The District Court Did Not Err by Not Granting a Judgment of Acquittal.*

Horne argues, for three reasons, that the district court erred in failing to grant a judgment of acquittal. First, Horne argues that his convictions should be reversed because the government failed to prove venue. Second, Horne argues that the evidence was insufficient to prove a conspiracy because, in the audio recording of Horne admitting that the cocaine was his, "Johnson sounded surprised that [the cocaine] was there," and the evidence does not support an intent to distribute the cocaine. Third, Horne argues that section 924(c) creates distinct offenses, the indictment charged in one count two ways of violating section 924(c) of Title 18 of the U.S. Code, and doubt exists as to whether the jury unanimously convicted him "of an offense criminalized by Section 924(c)." These arguments fail.

First, Horne waived his objection to venue by failing to raise that issue before trial. "[A] defendant waives an objection to venue by failing to raise it before trial, subject to the exception that objecting at the close of evidence is soon enough if the indictment alleges an incorrect venue and the defendant was not aware of that defect until the government presented its case." United States v. Greer, 440 F.3d 1267, 1271 (11th Cir. 2006). Horne did not qualify for the

exception described in Greer because the indictment did not allege an incorrect venue.

Second, Horne's argument about the sufficiency of the evidence is baseless. A jury is permitted to interpret evidence in more than one way. E.g., United States v. Molina, 443 F.3d 824, 828 (11th Cir. 2006); Garcia, 447 F.3d at 1334. Whatever "surprise" Johnson's statement or tone of voice might suggest, it is not enough to undermine the conclusion that a reasonable jury could have found Horne guilty of conspiracy beyond a reasonable doubt. See Sellers, 871 F.2d at 1021. There was ample evidence that Horne intended to distribute the cocaine found in his car.

Third, the jury instructions cured whatever defect might have existed in the indictment. The district court instructed the jury that the indictment charged "two separate ways" of violating section 924(c), the government was not required to prove the defendant had violated that statute in both those ways, but the jury "must unanimously agree with the way in which the defendant committed the offense." Because "[w]e presume the jury followed the trial court's instructions," United States v. Brazel, 102 F.3d 1120, 1145 (11th Cir. 1997), there is no doubt that, even if the indictment charged separate offenses rather than two ways of committing the

same offense, the jury unanimously convicted Horne of "an offense criminalized by Section 924(c)."  The district court correctly denied a judgment of acquittal.

*E.  The District Court Did Not Clearly Err by Finding that Horne Had Not Accepted Responsibility for His Offenses.*

Horne argues that the district court clearly erred at sentencing by finding that he had not accepted responsibility for his offenses.  Although "a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial," U.S.S.G. § 3E1.1 cmt. n.2 (2005), that situation is "rare" and "may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt," id. At his trial, Horne challenged his "factual guilt."  The district court did not err.

## IV. CONCLUSION

Horne's convictions and sentence are

**AFFIRMED**