[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 31, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11295
Non-Argument Calendar

_____

D. C. Docket No. 05-00032-CR-001-CAR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARVIS W. YOUNGBLOOD,
LOIS W. YOUNGBLOOD,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Georgia

_____

**(January 31, 2008)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Garvis Youngblood appeals his convictions for Social Security fraud, in violation of 18 U.S.C. § 1343, and making false statements to the Social Security Administration, in violation of 42 U.S.C. § 408(a)(3). His wife and co-defendant, Lois Youngblood, appeals her convictions for aiding and abetting Garvis' false statements to the SSA, in violation of 42 U.S.C. § 408(a)(3) and 18 U.S.C. § 2, and theft of government property relating to benefits paid by the Department of Veterans Affairs, in violation of 18 U.S.C. § 641. They were convicted of those crimes by a jury and were also found guilty of 122 counts of wire fraud stemming from the electronic deposit of Social Security disability benefits and veterans benefits into their joint bank account. Garvis Youngblood was also convicted of theft of government property. He does not challenge that conviction in this appeal.

The Youngbloods each contend that the evidence the government presented at trial is insufficient to support their convictions. Generally, we review de novo sufficiency of the evidence claims. United States v. Bender, 290 F.3d 1279, 1283 (11th Cir. 2002). However, "[w]hen a defendant does not move the district court for a judgment of acquittal at the close of the evidence," his burden on appeal increases, and "we may reverse the conviction only to prevent a manifest miscarriage of justice." Id. at 1284. "This standard requires the appellate court to find that the evidence on a key element of the offense is so tenuous that a

conviction would be shocking." Id. Because, the record shows that the Youngbloods never moved for judgment of acquittal at trial, we review their claims under the manifest miscarriage of justice standard.

## I.

### A.

Garvis Youngblood first contends that the government did not present sufficient evidence to convict him of Social Security fraud. To prove a defendant has committed Social Security fraud, the government must show that: (1) the defendant knew of the occurrence of an event; (2) the event affected his initial or continued right to payment of Social Security benefits; (3) he concealed or failed to disclose the event; and (4) he had an intent to fraudulently secure payment in a greater amount than was due or when no payment was due. 42 U.S.C. § 408(a)(4). Intent may be inferred from circumstantial evidence. United States v. Nosrati-Shamloo, 255 F.3d 1290, 1292 (11th Cir. 2001).

The government presented evidence at trial sufficient to satisfy all the elements of Social Security fraud under § 408(a)(4). Specifically, the evidence showed that Garvis failed to disclose facts regarding his ability to work. There was also evidence from which the jury could have reasonably concluded that Garvis did not experience combat in Vietnam and that he was not wounded during his military

3

service. The jury reasonably could have inferred from that same evidence and also from his own testimony to the contrary that Garvis acted with the requisite intent. See United States v. Alejandro, 118 F.3d 1518, 1521 (11th Cir. 1997) ("This Court has recognized that a statement by a defendant, if disbelieved by the jury, may be considered as substantive evidence of the defendant's guilt. The defendant's testimony denying guilt, if disbelieved by the jury, can be evidence that the opposite is true and can establish the elements of the offense. This rule has 'special force' where the highly subjective elements, such as intent, are to be proved." (internal quotation marks and citations omitted)). Accordingly, his conviction for Social Security fraud did not result in a manifest miscarriage of justice.

B.

Garvis Youngblood also contends that the evidence presented at trial is insufficient to support his conviction for making false statements to the SSA. To sustain a conviction for making false statements to the SSA, the government must show that: (1) the defendant made or caused to be made a false statement; (2) the false statement concerned a material fact; and (3) the false statement was used in determining rights to payment of Social Security benefits. Although the statute and our decisions do not specify an intent requirement for § 408(a)(3), we have

4

recognized that "the common law presumes the existence of a <u>mens</u> <u>rea</u> element." <u>United States v. Brantley</u>, 68 F.3d 1283, 1289 (11th Cir. 1995). In addition, a statute's imposition of severe penalties suggests that some level of intent is required for conviction, and the penalties under § 408(a)(3) are identical to those under § 408(a)(4), which does contain an express intent requirement. Therefore, consistent with § 408(a)(4) and the determination of one of our sister circuits, we conclude that the government must establish that the defendant made the false statement with intent to deceive. <u>See</u> <u>United States v. Henderson</u>, 416 F.3d 686, 692 (8th Cir. 2005) (requiring evidence of fraudulent intent to uphold conviction under § 408(a)(3)).

The materiality element is satisfied if the false statement naturally tends to or could influence the decision of the person or entity to which it was addressed. <u>United States v. Johnson</u>, 485 F.3d 1264, 1270 (11th Cir. 2007). Furthermore, when a defendant testifies, and the jury disbelieves his testimony, the jury may infer that the opposite of his testimony is true. <u>United States v. Brown</u>, 53 F.3d 312, 314 (11th Cir. 1995). Thus, when a defendant challenges the sufficiency of the evidence supporting his conviction, we may consider the jury's rejection of his own exculpatory testimony as evidence of guilt. <u>Id.</u>

The evidence presented at trial supported Garvis Youngblood's conviction

for making false statements to the SSA. It showed that he made false statements to an SSA fraud investigator regarding: (1) the length of his deployment in Vietnam; (2) a wound sustained there; and (3) his experiences related to other service members' deaths. The evidence also showed that he made false statements regarding his more recent observations of a car accident which he claims precipitated his post-traumatic stress disorder, the termination from his job, and his inability to drive. It was reasonable for the jury to infer from that evidence, as well as his own testimony, that he made the false statements intentionally. See Alejandro, 118 F.3d at 1521. Therefore, his conviction for making false statements to the SSA did not result in a manifest miscarriage of justice.

## II.

### A.

Lois Youngblood contends that the evidence presented at trial is insufficient to support her conviction for aiding and abetting her husband in making false statements to the SSA. In order to convict a defendant under 18 U.S.C. § 2 for aiding and abetting, the government must prove: "(1) that defendant associated herself with the crime as something she wished to bring about; (2) that defendant participated in the crime; and (3) that defendant sought by her actions to make the crime succeed." United States v. Sellers, 871 F.2d 1019, 1022 (11th Cir. 1989).

6

As we have already noted, the government may prove intent with circumstantial evidence. See Nosrati-Shamloo, 255 F.3d at 1292.

The evidence presented at trial supports Lois Youngblood's conviction for aiding and abetting her husband's false statements to the SSA. She interviewed with a clinical psychologist, and she submitted a daily activities questionnaire as part of her husband's initial Social Security disability claim. In the questionnaire, she made statements regarding his inability to engage in substantial gainful activity that corroborated some of his false statements, and that generally supported his efforts to portray himself as a person who was eligible for benefits because he suffered from PTSD and could not work. The jury reasonably could have inferred from the evidence that she knew those statements that she made in the questionnaire were not true. The evidence supporting her conviction for aiding and abetting her husband's false statements is not so insufficient as to show a manifest miscarriage of justice.

B.

Lois Youngblood also contends that the government presented insufficient evidence to support her conviction for theft of government property. A defendant may be convicted for theft of government property, under 18 U.S.C. § 641, if the government shows that: (1) the money described in the indictment belonged to the

7

United States or an agency thereof; (2) the defendant stole or converted the property to her own use; and (3) the defendant did so knowingly with intent to deprive the government of the money. See 18 U.S.C. § 641; United States v. Moore, 504 F.3d 1345, 1348 (11th Cir. 2007).

Although the evidence of Lois Youngblood's theft of government property is circumstantial, it is not so insufficient as to justify a reversal of her conviction under the heightened standard set forth in Bender. She does not contend that the veterans benefits money did not belong to the United States, or that her husband was entitled to the money. Instead, she only argues that the government presented no evidence that she knowingly took government property.

The evidence showing Lois Youngblood's assistance and participation in support of her husband's false statements to the SSA also supports her conviction for this crime because he was applying for veterans benefits around the same time he was applying for disability benefits, and both claims revolved around his alleged PTSD. The jury could have inferred from the assistance she have him in making the false statements to the SSA that she knew that he was not entitled to veterans benefits because both claims were based on the same alleged disability. The evidence shows that they had been married for many years, both of his claims were fraudulent, the veterans benefits money was deposited into their joint

8

checking account, and they both benefitted from the money. Taken together, those facts and inferences support a finding that Lois Youngblood was aware that her husband was not entitled to veterans benefits because he was not really disabled, but she nevertheless continued to accept and use the money. We therefore conclude that evidence to support her conviction for theft of government property is not so insufficient as to render her conviction a manifest miscarriage of justice.

**AFFIRMED.**[1]

---

[1] The Youngbloods also assert in passing that their convictions for wire fraud should be reversed because they depend on their other convictions for Social Security fraud and theft of government property. This argument hinges on the premise that the evidence to support their Social Security fraud and theft of government property convictions is insufficient. Because we have concluded that those convictions are supported by sufficient evidence, we also affirm their convictions for wire fraud.