[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10966
Non-Argument Calendar

_____

D. C. Docket No. 1:10-cr-20300-DMM-12


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER GONZALEZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 27, 2012)


Before HULL, EDMONDSON and BLACK, Circuit Judges.


PER CURIAM:

Javier Gonzalez appeals his convictions for conspiracy to possess with intent to distribute cocaine, 21 U.S.C. § 841(a)(1) and 846, and possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii), for which he was sentenced to 80 months' imprisonment.  No reversible error has been shown; we affirm.

Gonzalez first argues that insufficient evidence exists to support his convictions.  We review de novo the sufficiency of the evidence to sustain a conviction, viewing the evidence "in the light most favorable to the government" and "resolving all reasonable inferences in favor of the verdict."  United States v. Farley, 607 F.3d 1294, 1333 (11th Cir.), cert. denied, 131 S. Ct. 369 (2010).  "We will not reverse unless no reasonable trier of fact could find guilt beyond a reasonable doubt."  Id.

To convict Gonzalez of conspiracy to possess with intent to distribute cocaine, "the government need not demonstrate the existence of a 'formal agreement,' but may instead demonstrate by circumstantial evidence 'a meeting of the minds to commit an unlawful act.'"  See United States v. Toler, 144 F.3d 1423, 1426 (11th Cir. 1998) (citation omitted).  Sufficient evidence exists to support Gonzalez's conspiracy conviction.  Testimony at trial -- when viewed in the light most favorable to the government -- demonstrated that Gonzalez introduced the

2

drug seller to the buyers, acted as an intermediary between the seller and the buyers, allowed the seller and the buyers to use his home to negotiate and to conduct drug sales, and received $500 as compensation for setting up the drug deal. Based on this evidence, a reasonable trier of fact could conclude that a meeting of the minds existed between Gonzalez and his codefendants to possess with intent to distribute cocaine.

To sustain a conviction for possession with intent to distribute cocaine under an aiding and abetting theory -- as pursued in Gonzalez's case -- "the prosecution must show that 'the defendant associated himself with a criminal venture, participated in it as something he wished to bring about, and sought by his actions to make it succeed.'" United States v. Pantoja-Soto, 739 F.2d 1520, 1525 (11th Cir. 1984). The government may satisfy its burden through circumstantial evidence. Id.

Based on Gonzalez's conduct and presence at "critical junctures" during the negotiation and execution of the drug sales, we can infer his intent to possess and distribute drugs and, thus, his association with the criminal venture. See United States v. Sellers, 871 F.2d 1019, 1022 (11th Cir. 1989). And because the government established that Gonzalez helped facilitate successful drug sales between the seller and the buyers, it satisfied its burden of proof such that we

3

cannot say that "no reasonable trier of fact could find guilt beyond a reasonable doubt."

We next address Gonzalez's argument that the district court erred in refusing to instruct the jury on misdemeanor cocaine possession, 21 U.S.C. § 844(a), which he contends is a lesser included offense of possession with intent to distribute cocaine, 21 U.S.C. § 841(a). We review a district court's refusal to give a requested jury instruction for abuse of discretion. United States v. Lee, 68 F.3d 1267, 1273 (11th Cir. 1995). And "we may affirm on any ground that finds support in the record." United States v. Mejia, 82 F.3d 1032, 1035 (11th Cir. 1996), abrogated on other grounds by Bloate v. United States, 130 S. Ct. 1345 (2010).

Because the factual issues to be resolved by the jury were the same for the lesser offense of possession as for the greater offense of possession with intent to distribute, an instruction on possession was not required. See United States v. Catchings, 922 F.2d 777, 780-81 (11th Cir. 1991). Moreover, because Gonzalez's defense -- that he was a mere observer, was uninvolved in the conspiracy, and did nothing to help facilitate the drug sale -- "if believed, would lead to acquittals on both the greater and lesser charges, it is no abuse of discretion to refuse to instruct

4

the jury on a lesser included offense." United States v. Brown, 26 F.3d 119, 120 (11th Cir. 1994).

We also reject Gonzalez's argument that the district court erred in failing to answer adequately the jury's question about whether sampling a small amount of cocaine made Gonzalez culpable for possessing a larger quantity. "We review a district court's response to a jury question for an abuse of discretion." United States v. Lopez, 590 F.3d 1238, 1247 (11th Cir. 2009). After considering the parties' arguments about how it should respond to the jury's question, the court instructed the jurors to "rely upon [their] interpretation of the facts and [their] application of the jury instructions to those facts." Because answering the jury's question would have required a fact intensive analysis -- which would have invaded the province of the jury -- we see no abuse of discretion in the district court's refusal to provide a more precise answer to the jury's question.

Gonzalez also argues that the prosecution discredited defense counsel improperly by characterizing two of defense counsel's arguments -- about the government's desire to win the case and the government's ability to argue twice during closing -- as "defense lawyer tricks." Because Gonzalez failed to raise this objection at trial, we review only for plain error. See United States v. Merrill, 513 F.3d 1293, 1306-07 (11th Cir. 2008).

To succeed on this claim, Gonzalez must demonstrate both that the prosecutor's remark was improper and that the remark affected prejudicially his substantial rights. See id. at 1307. In the light of the evidence of Gonzalez's guilt, Gonzalez cannot show that, but for the prosecutor's remark, the outcome of his trial would have been different. Thus, he has failed to demonstrate prejudice. See id.[1]

We now address Gonzalez's challenges to his sentence. First, Gonzalez contends that the district court erred in failing to exclude his two Florida misdemeanor convictions -- for criminal mischief and for stalking -- from his criminal history score.[2] He argues that these convictions should be excluded under U.S.S.G. § 4A1.2(c)(1) because they are similar to the misdemeanor offenses of disorderly conduct and trespassing. "We review a district court's interpretation of the Guidelines de novo and its factual findings for clear error." United States v. Valnor, 451 F.3d 744, 750 (11th Cir. 2006).

In calculating a defendant's criminal history points, sentencing courts count generally all sentences for misdemeanor offenses. See U.S.S.G. § 4A1.2(c). But

---

[1]Gonzalez has failed to demonstrate cumulative error. See United States v. Baker, 432 F.3d 1189, 1223 (11th Cir. 2005).

[2]Both misdemeanor convictions arose from the same criminal episode, and Gonzalez was sentenced to one year probation on each count to run consecutive to each other.

6

the Guidelines have carved out an exception for some misdemeanor offenses --

including disorderly conduct and trespassing -- and "offenses similar to them, by

whatever name they are known," which may be counted only under certain

circumstances.[3]  See U.S.S.G. § 4A1.2(c)(1).  In determining whether an unlisted

offense is "similar" to an offense listed in section 4A1.2(c)(1), district courts must

apply "a common sense approach" and should consider these five factors:

> (i) a comparison of punishments imposed for the listed and unlisted
> offenses; (ii) the perceived seriousness of the offense as indicated by
> the level of punishment; (iii) the elements of the offense; (iv) the
> level of culpability involved; and (v) the degree to which the
> commission of the offense indicates a likelihood of recurring criminal
> conduct.  U.S.S.G. § 4A1.2, comment. (n. 12(A)).

Given the disparity in punishments, Gonzalez's conviction for criminal

mischief -- a first degree misdemeanor punishable by up to 1 year imprisonment

and a $1000 fine -- is not similar to the Florida offense of disorderly conduct,

which is a second degree misdemeanor punishable by up to only 60 days'

imprisonment and a $500 fine.  Compare Fla. Stat. §§ 806.13(1)(b)(2) (criminal

mischief); 877.03 (disorderly conduct); 775.082(4) (statutory maximum

sentences); 775.083(1) (fines).  For the same reason, Gonzalez's criminal mischief

---

[3]One circumstance under which the excluded misdemeanors may be counted is if defendant
was sentenced to a term of probation exceeding one year.  U.S.S.G. § 4A1.2(c)(1)(A).  Because
at least one of Gonzalez's misdemeanor convictions is dissimilar to the list of excluded
misdemeanors, we need not address whether his consecutive one-year probationary sentences
should be viewed in the aggregate.

conviction is also dissimilar to trespass under Florida law, which is categorized generally as a second degree misdemeanor punishable by up to 60 days' imprisonment and a $500 fine. See Fla. Stat. §§ 810.08(2) (trespass); 775.082(4); 775.083(1). Although trespass may qualify as a first degree misdemeanor if someone was in the structure when defendant trespassed, the elements of criminal mischief (which include damage to real or personal property) are different from the elements of trespass (which require only that defendant entered or remained in the structure without authorization). Compare Fla. Stat. §§ 806.13(1)(a) and 810.08(1). Because at least one of Gonzalez's misdemeanor offenses is dissimilar to those listed in section 4A1.2(c)(1), the district court assessed properly one criminal history point; and we need not address Gonzalez's stalking conviction.

Gonzalez also argues that the district court erred in denying his request for a minor-role reduction under U.S.S.G. § 3B1.2(b). We review this claim only for clear error and Gonzalez bears the burden of establishing his minor role in the offense by a preponderance of the evidence. See United States v. Bernal-Benitez, 594 F.3d 1303, 1320 (11th Cir.), cert. denied, 130 S. Ct. 2123 (2010).

Based on evidence introduced at trial, the district court concluded that Gonzalez failed to demonstrate that he played only a minor role in the offense. And, although nothing evidences that Gonzalez sold the drugs, financed the

8

offense, or controlled the details of the transactions, he "'is not automatically entitled to a minor role adjustment merely because []he was somewhat less culpable than the other discernable participants.'" Id. at 1320-21.  We see no clear error.

AFFIRMED.

9