UNITED STATES of America,
Plaintiff–Appellee,

v.

Pellegrino "Paul" VERDERAME,
Billy Coffey, a/k/a Billy Coffee,
Defendants–Appellants.

No. 93–3201.

United States Court of Appeals,
Eleventh Circuit.

May 2, 1995.

Mark L. Horwitz, David D. Fussell, Orlando, FL, for Pellegrino "Paul" Verderame.

Richard L. Cox, Jr., Tampa, FL, for Billy Coffey.

Cynthia Hawkins, Edward L. White, III, Asst. U.S. Attys., Orlando, FL, Tamra Phipps, Asst. U.S. Atty., Tampa, FL, for appellee.

Before TJOFLAT, Chief Judge, BARKETT, Circuit Judge, and MORGAN, Senior Circuit Judge.

BARKETT, Circuit Judge:

Pellegrino Verderame appeals a conviction for conspiracy to possess with intent to distribute marihuana, and Billy Coffey appeals a conviction for conspiracy to possess with intent to distribute cocaine hydrochloride.

Verderame asserts among several claims that the district court abused its discretion when it repeatedly denied his unopposed motions for a continuance of the trial date, and that such abuse caused him to suffer substantial prejudice in defending himself against the government's charges. Because we find merit in his argument and remand for a new trial, we do not address any of the remaining issues he raises on this appeal.

Coffey challenges both his conviction as well as his sentence, which the district court enhanced upon finding that he was a manager or supervisor in the cocaine conspiracy. We find no merit to any of his claims and accordingly affirm his conviction and sentence.

## I.

In a superseding indictment, the government charged Verderame with participation in two separate conspiracies to import and distribute marihuana and cocaine in Brevard County, Florida, from 1988 to April 1993, in violation of 21 U.S.C. § 846, and with criminal forfeiture pursuant to 21 U.S.C. § 853.[1] On April 28, 1993, law enforcement officers arrested Verderame and a magistrate set his trial for July 1, 1993.

Verderame was arraigned on May 4, 1993, and at arraignment the district court advanced his trial date to June 3. Three days later, on May 7, Verderame formally retained counsel, and on May 13 counsel filed an unopposed motion for a continuance. On May 21, the government filed a response supporting Verderame's request, asking the court to grant the continuance and to enter a finding that a continuance served the ends of justice and outweighed the interest of the public in a speedy trial. On May 26 the court denied the motion, and the following day Verderame's counsel received a bill of particulars from the government.

On May 28, 1993, in response to the bill which listed numerous items the government intended to subject to forfeiture (including Verderame's home, his business, the liquor license on the bar he owned, and numerous items of personal property), Verderame filed a second motion for continuance. Among several arguments presented, Verderame explained that the June 3 trial date not only denied his counsel adequate time to effectively prepare a defense against two conspiracies and a forfeiture action involving all of Verderame's property and comprising a voluminous record, but arguably violated the Speedy Trial Act's guarantee of a minimum

---

1. The superseding indictment also charged appellant Coffey and 11 other co-conspirators with participation in either one or both of the conspiracies, and with criminal forfeiture.

thirty days from the time of first appearance through counsel to the first day of trial.

On June 2, 1993, Verderame filed a third motion for continuance in which he restated his earlier arguments, and indicated that he still had not received from the government copies of all documents available to him pursuant to Rule 16 of the Federal Rules of Criminal Procedure. On June 3, the court denied the motion, and on the following day, while the parties were still engaged in preliminary matters, the government dismissed Count I of the indictment, which charged Verderame with involvement in the cocaine conspiracy. On June 7, the first day of trial proceedings, the government filed a second bill of particulars (adding $2,400,000 in U.S. currency to the list of forfeitable property), and Verderame filed a fourth motion for continuance.

At trial, the government alleged that Verderame participated in the marihuana conspiracy primarily by assisting his son William[2] in collecting and storing drug proceeds, and that as a result of his participation, much of his property was subject to forfeiture. The bulk of the evidence which the government presented against Verderame consisted of the testimony of an internal revenue agent who had analyzed Verderame's financial records. The analyst testified that the records indicated that Verderame had spent in excess of the amounts he claimed as income on his federal income tax returns between 1988 to 1992, suggesting that Verderame derived income from illicit activities.

## II.

■ The Sixth and Fourteenth Amendments to the U.S. Constitution guarantee that any person brought to trial in any state or federal court must be afforded the right to assistance of counsel before he or she can be validly convicted and punished by imprisonment. *Faretta v. California,* 422 U.S. 806, 807, 95 S.Ct. 2525, 2527, 45 L.Ed.2d 562 (1975). Under certain circumstances, denial

of a motion for continuance of trial may vitiate the effect of this fundamental right:

The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.

*Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 849–50, 11 L.Ed.2d 921 (1964) (citations omitted). To prevail on such a claim, a defendant must show that the denial of the motion for continuance was an abuse of discretion which resulted in specific substantial prejudice. *United States v. Bergouignan,* 764 F.2d 1503, 1508 (11th Cir.1985).

■ Verderame argues that the district court's repeated denials of his unopposed motions for continuance constituted reversible error because they prejudiced his ability to adequately defend himself against charges of participation in two major drug trafficking conspiracies and the forfeiture of almost all of his property including his home. He alleges that his defense against the charges required a significant amount of preparation time to rebut the government's proof of extensive and complex financial dealings and the inference that he derived his income from unlawful means.

To refute the government's allegation that he had underreported his income in previous years and its intimation that he was necessarily involved in illegal drug activity, Verderame needed time to compile evidence demonstrating that he had bought and sold several businesses over the years, some gen-

---

**2.** Verderame's son, William A. Verderame, was a codefendant at appellants' trial. The jury convicted him of conspiracy to distribute marihuana, which the court subsequently dismissed on mo-

tion by the government, and of engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848.

erating cash payments and other proceeds, others requiring him to borrow money from time to time. Verderame maintains that the 34 days between arraignment and trial were simply insufficient for his counsel, with the assistance of two lawyers and a paralegal, to gather the requisite financial information, obtain pertinent travel papers, interview witnesses, and review documents the government continued to provide up to the day of trial.

We find that the 34 days failed to provide defense counsel with sufficient time to defend against a case which the government spent years investigating, a case which grew during the 34–day interval to encompass further property subject to forfeiture, a case which abruptly shifted focus away from the cocaine conspiracy a mere four days before trial. We also find that the 34 days failed to provide the government with sufficient time to supply Verderame with copies of all the documents it had seized and to which he was entitled.

While we appreciate the heavy case loads under which the district courts are presently operating and understand their interest in expediting trials, we feel compelled to caution against the potential dangers of haste, and to reiterate that an insistence upon expeditiousness in some cases renders the right to defend with counsel an empty formality. In our system of justice, the Sixth Amendment's guarantee to assistance of counsel is paramount, insuring the fundamental human rights of life and liberty. "The Sixth Amendment stands as a constant admonition that if the constitutional safeguards it provides be lost, justice will not still be done." *Gideon v. Wainwright*, 372 U.S. 335, 343, 83 S.Ct. 792, 796, 9 L.Ed.2d 799 (1963) (citation and quotations omitted).

Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense:

> Disposition of a request for continuance ... is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed.
>
> But the denial of opportunity for appointed counsel to confer, to consult with the accused *and to prepare his defense*,

could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment.

*Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322, 84 L.Ed. 377 (1940) (footnotes omitted) (emphasis added). This case presents an instance where a court, in its haste, denied compelling unopposed motions for continuance and in so doing eviscerated one of the Sixth Amendment's essential safeguards. As a result, justice has not been done.

Because we conclude that the district court abused its discretion in denying Verderame's several motions for continuance and caused him to suffer substantial prejudice in presenting his defense, we VACATE appellant VERDERAME's conviction and REMAND for a new trial. Finding no reversible error, we AFFIRM appellant COFFEY's conviction and sentence.

AFFIRMED in part; REVERSED in part; REMANDED.