[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-11060
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 28, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-80022-CR-KLR


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TORRES HOLMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 28, 2006)**

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Torres Holmes ("Holmes") appeals his convictions for bank robbery, in

violation of 18 U.S.C. §§ 2113(a) and (d); conspiracy to commit bank robbery, in

violation of 18 U.S.C. § 371; and possession of a firearm during the commission of a felony, in violation of 18 U.S.C. § 924(c). On appeal, Holmes argues that the district court erred by (1) admitting evidence of his involvement in an uncharged bank robbery, pursuant to Fed. R. Evid. 404(b); and (2) denying his request for an evidentiary hearing on his motion for a new trial.[1] After thorough review of the record and careful consideration of the parties' briefs, we affirm.

We review a district court's admission of evidence of a defendant's prior bad acts under Rule 404(b) and its denial of a motion for new trial based on newly discovered evidence for abuse of discretion. See United States v. Ramirez, 426 F.3d 1344, 1354 (11th Cir. 2005) (admission of 404(b) evidence); United States v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003) (denial of motion for a new trial based on newly discovered evidence). We likewise review the district court's

---

[1]We discern no abuse of discretion in the district court's denial of Holmes's two motions for continuance of his trial. See United States v. Bowe, 221 F.3d 1183, 1189 (11th Cir 2000) (reviewing decision on a motion for continuance for abuse of discretion). Holmes has not satisfied his burden to show specific, substantial prejudice resulting from an alleged inadequate opportunity to prepare for trial. Id. at 1190 n.5 (noting that when party denied continuance alleges an inadequate opportunity to prepare for trial, the party "must also show specific, substantial prejudice"). Holmes's counsel was appointed seven weeks prior to the start of trial. Holmes has not suggested, and our own review does not reveal, why that amount of time was inadequate to prepare for this trial. Cf. United States v. Verderame, 51 F.3d 249, 251 (11th Cir. 1995) (finding abuse of discretion based on denial of unopposed motion for continuance where defense counsel had 34 days to prepare for trial, and government had spent years investigating case, case involved two major drug conspiracies and large forfeitures, and government filed a second bill of particulars on the first day of trial).

2

denial of an evidentiary hearing for abuse of discretion.  United States v. Massey, 89 F.3d 1433, 1443 (11th Cir. 1996).

The parties are familiar with the facts and we summarize only those necessary to our analysis.  On June 8, 2004, by superseding indictment, Holmes and his brother, Keenan Holmes ("Keenan"), were charged with bank robbery (Count 1), in violation of 18 U.S.C. §§ 2113(a) and (d); conspiracy to commit bank robbery (Count 2), in violation of 18 U.S.C. § 371; and possession of a firearm during the commission of a felony (Count 3), in violation of 18 U.S.C. § 924(c). The superseding indictment alleged that the charged offenses occurred on or about December 4, 2003, at the First Community Bank of Palm Beach County in Belle Glade, Florida.

Prior to trial, the government filed a notice of its intent to introduce, pursuant to Federal Rule of Evidence 404(b), co-defendant Keenan's testimony concerning Holmes's participation in an uncharged robbery of the First Community Bank of Palm Beach in Belle Glade, Florida on October 2, 2003.  In support of admitting this testimony under Rule 404(b), the government asserted the evidence was relevant to the instant charges because (1) by pleading not guilty, Holmes had put his intent at issue; (2) the evidence tended to show motive, plan,

3

preparation, opportunity, and identity; and (3) the uncharged offense was committed by the same individuals as the instant offense.

On the first day of the first trial, the district court made a preliminary finding that evidence about the October bank robbery was admissible as inextricably intertwined with the instant offense, or, in the alternative, as proper Rule 404(b) material. The district court stated that the evidence was "most fairly viewed as inexplicably intertwined," but it also found that the evidence was permissible under Rule 404(b) because it was "relevant to an issue other than the defendant's character . . . [namely] state of mind and claim and lack of mistake." The district court further determined that the uncharged offense would be established by sufficient proof for the jury to determine that Holmes was involved in the uncharged robbery because Holmes's brother would testify to that fact. Finally, the district court concluded that, due to the proximity in time between the offenses and the "nature of the evidence," the probative value of the evidence was not substantially outweighed by the prejudice to Holmes.

During the government's case-in-chief, Keenan testified that on October 2, 2003, he, Holmes, and Gregory Richardson robbed a bank in Belle Glade, Florida. Before the robbery, it had been agreed that Keenan would "keep everybody at bay in the lobby" of the bank, Richardson would "go across the counter," and Holmes

4

would be the driver because he was the most familiar with the Belle Glade area. On October 2, 2003, Keenan and Richardson went into the bank, Richardson went over the counter, and then they both exited the bank. Keenan testified that he and Richardson then ran down the road, swam across a canal, and got into a Dodge Intrepid in which Holmes was waiting. The three co-conspirators then drove away from the bank.

Keenan also testified about the subsequent December 4, 2003 robbery, which formed the basis of the instant superseding indictment, of the same bank in Belle Glade. On that date, Keenan testified that after he, Holmes, and Richardson approached the bank, they decided to use a different escape route because there were people on the particular block they had used during the October robbery. Keenan and Richardson then went into the bank, ordered everyone to get down, and Richardson went over the counter. After leaving the bank, Keenan and Richardson headed in the same general direction as they had during the first robbery. They then swam across the same canal and eventually saw Holmes drive toward them in his Dodge Intrepid. Keenan and Richardson got into Holmes's vehicle. Shortly thereafter, they were involved in a car chase with law enforcement, after which they were apprehended. During cross-examination,

5

Keenan explained that he was testifying as a government witness "in hopes for a reduced sentence."

Holmes testified in his own defense and claimed that he was not involved in the December 4, 2003 robbery. According to Holmes, he let Keenan borrow his car on that date. He subsequently found the car on the side of the road in Belle Glade. As he was driving the car around Belle Glade, he found Keenan and Richardson on the side of road. Keenan and Richardson got into the car with Holmes and, as Holmes was driving, a police officer began following the car. Keenan then put his foot on the gas pedal and the car crashed into a truck. Holmes testified that he jumped and ran from the car because he was on probation and thought that Keenan had involved him in a high speed chase.

The jury found Holmes guilty of conspiracy to commit armed bank robbery (Count 2) and the court declared a mistrial as to Counts 1 and 3. After a second trial, Holmes was convicted on Counts 1 and 3.[2] He then proceeded to sentencing.

At sentencing, Holmes, who was represented by a newly appointed attorney, requested a new attorney because his appointed attorney did not specialize in appeals. Holmes said: "I prefer to have me a lawyer that can come go through this with me. And also I have other issues. When I talked to my investigator he said

---

[2]In this appeal, Holmes raises no issues concerning the second trial.

that my co-defendant, Gregory Richardson, he told them straight up, 'Look, that guy had nothing to do with it.'" The district court granted Holmes's request for a new attorney and postponed his sentencing.

At the continued sentencing hearing, Holmes requested a new trial or an evidentiary hearing based on exculpatory evidence that he obtained after his trial. Specifically, he stated:

> I have been trying to address the [c]ourt about an issue referring to a Rule 33. It was something that was brought to my attention after trial when I had called . . . my investigator . . . . [My investigator] said he was sorry things did not work out. He told me that - - why don't my attorney at the time don't call Gregory Richardson to testify at my trial. At which time I was like, I don't know, what was he supposed to be called for? He told me that Gregory Richardson pretty much gave him a statement that I had no part in planning the robbery and him and my brother rehearsed their statement while in custody to try to curry favor with the [g]overnment to get a reduced sentence. I been trying to get - - that's when I put the motion in to fire my attorney. . . . If Gregory Richardson made a statement that they coerced this statement to curry favor with the [g]overnment I feel I should have a new trial or a hearing to sort out these issues.

The government responded that it had not called Richardson as a witness because, during debriefing, Richardson denied being involved in the October 2, 2003 bank robbery. The government maintained that it chose to call Keenan, instead of Richardson, because Keenan could testify about Holmes's involvement in both the October 2nd and December 4th robberies. The government further noted that "[a]t no time during the debriefing of Gregory Richardson did he say [Holmes] was not

7

involved in the bank robbery. In other words, [Richardson] at no time provided exculpatory information about [Holmes] not being involved in the bank robbery."

The district court denied Holmes's request for a hearing and stated, "I don't see a basis for that hearing. He was available to both sides at trial. I see nothing in the factors of this case that would indicate the necessity for a hearing with respect to Richardson." After the sentencing hearing. the court sentenced Holmes to a 360-month term of imprisonment. This appeal followed.

On appeal, Holmes argues that Keenan's testimony about the October 2nd bank robbery was impermissible Rule 404(b) evidence because it was offered only to show that, during the December 4th bank robbery, Holmes acted in conformity with his October 2nd conduct. Holmes urges that the testimony about the earlier bank robbery did not arise out of the same transaction as the instant offense and was not necessary to complete the facts of the instant offense. He also contends the earlier robbery was not inextricably intertwined with the instant offense. We are unpersuaded.

Federal Rule of Evidence 404(b) provides: "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other

purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." Fed. R. Evid. 404(b). Thus, Rule 404(b) permits the admission of prior-bad-acts evidence to show motive, preparation, knowledge, and intent, as well as an ongoing scheme or plan. See United States v. Lehder-Rivas, 955 F.2d 1510, 1515-16 (11th Cir. 1992); United States v. Cross, 928 F.2d 1030, 1047-48 (11th Cir. 1991). In reviewing 404(b) decisions, we apply a three-part test for admissibility of such evidence: (1) the evidence must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act; and (3) the evidence must have probative value that is not substantially outweighed by undue prejudice. See Jernigan, 341 F.3d at 1280. "A similarity between the other act and a charged offense will make the other offense highly probative with regard to a defendant's intent in the charged offense." United States v. Ramirez, 426 F.3d at 1344, 1354 (11th Cir. 2005).

Here, Keenan's testimony about the prior bank robbery plainly was relevant to the issue of Holmes's state of mind with respect to the charged offenses. "One of the elements of conspiracy that the prosecution must establish beyond a reasonable doubt is an intention to further the purposes of the conspiracy." United States v. Costa, 947 F.2d 919, 925 (11th Cir. 1991). When a defendant charged

9

with conspiracy enters a plea of not guilty, as in this case, he makes intent a material issue in the case. See id.; United States v. Delgado, 56 F.3d 1357, 1365 (11th Cir. 1995). Holmes did not "affirmatively take the issue of intent out of contention by stipulating that [he] possessed the requisite intent," Costa, 947 F.2d at 925. Indeed, his very theory of defense was that he was in the wrong place at the wrong time and lacked the requisite intent. Moreover, the government presented sufficient evidence, in the form of Keenan's testimony, from which a jury could find that Holmes committed the prior bank robbery. Finally, we are satisfied the district court did not abuse its discretion when it determined the testimony about the October 2nd robbery, which notably, occurred at the same bank, involved the same participants, and entailed a strikingly similar mode of escape, was sufficiently probative and was not outweighed by its prejudicial effect. See Jernigan, 341 F.3d at 1280. Given the substantial similarity between the two robberies and the closeness in time, when coupled with Holmes's defense that he did not participate in the charged offense, the evidence of the uncharged robbery was probative of Holmes's guilt and was not outweighed by its prejudice to Holmes. In short, we can find no abuse of discretion in the district court's admission of the disputed testimony.[3]

---

[3]Because we affirm the district court's decision to admit the evidence under 404(b), we need not, and do not reach the issue of whether the evidence was "inextricably intertwined" with

10

We likewise are unconvinced by Holmes's argument that the district court erred by denying his motion for an evidentiary hearing concerning his claim of newly discovered exculpatory evidence.[4] To obtain a new trial on the basis of newly discovered evidence, a defendant must show that:

> (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result.

Jernigan, 341 F.3d at 1287. "Failure to meet any one of these elements will defeat a motion for a new trial." United States v. Starrett, 55 F.3d 1525, 1554 (11th Cir. 1995).

Holmes has not met his burden here. He has not demonstrated that he first discovered the alleged new evidence after his trial, as required by the first prong of the test. Indeed, according to his argument in the district court in support of a new

___

the instant offense.

[4]Federal Rule of Criminal Procedure 33 provides that a defendant may file a motion for a new trial on the basis of newly discovered evidence within three years after the verdict or finding of guilty, and "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a), (b)(1). Because Holmes filed his Rule 33 motion within three years after the verdict, there is no jurisdictional impediment to our review of this issue, as urged by the government. The Supreme Court recently held that "Rule 33 motions are . . . not jurisdictional" and that where the government fails to argue the motion is untimely in the district court, it forfeits the defense on appeal. See Eberhart v. United States, ___ U.S. ___, 126 S. Ct. 403, 406-07, 163 L. Ed. 2d 14 (2005).

trial, Holmes's trial investigator became aware of Richardson's statement prior to or during Holmes's trial. Moreover, as the district court found, Richardson was available as a witness for Holmes's trial, but Holmes failed to call him. As such, Holmes cannot meet the second prong of the test for a new trial because it is not clear that Holmes's alleged lack of knowledge about Richardson's statement did not result from his own lack of due diligence. See id. Again, on this record, we can find no abuse of discretion in the district court's denial of Holmes's motion for an evidentiary hearing and new trial based on Richardson's statement.

**AFFIRMED.**