[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12512
Non-Argument Calendar

_____

D. C. Docket No. 04-00194-CR-ORL-22-JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STANLEY NORRIS JORDAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 27, 2006)**

Before DUBINA, CARNES  and HULL, Circuit Judges.

PER CURIAM:

Stanley Norris Jordan appeals his 151-month sentence for conspiracy to

possess with intent to distribute 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(A)(iii). He raises three issues.

## I.

First, Jordan contends that his attorney learned on the morning of the sentence hearing new facts about Jordan's arrest on state charges, including incriminating statements attributed to Jordan and the identity of the confidential informant involved in Jordan's state arrest, and as a result, it was an abuse of discretion for the district court not to allow a continuance of the sentence hearing so that counsel could investigate matters further.

We review a denial of a motion to continue sentencing only for an abuse of discretion. United States v. Lee, 427 F.3d 881, 896 (11th Cir. 2005), cert. denied, 126 S.Ct. 1447 (2006). "This issue must be decided in light of the circumstances presented, focusing upon the reasons for the continuance offered to the trial court when the request was denied." United States v. Knowles, 66 F.3d 1146, 1160-61 (11th Cir. 1995) (citation and quotation marks omitted). Denial of a motion for a continuance may violate a defendant's constitutional right to assistance of counsel. United States v. Verderame, 51 F.3d 249, 251 (11th Cir. 1995). However, "[t]o prevail on such a claim, a defendant must show that the denial of the motion for continuance was an abuse of discretion which resulted in specific substantial

2

prejudice." Id.

Because: (1) Jordan failed to ask for a continuance until the morning of the sentencing hearing, although he had known of the existence of the relevant evidence, a video tape, for three weeks; (2) the court recessed the hearing to allow him time to view the evidence and interview the government witnesses; and (3) Jordan has failed to demonstrate prejudice, the district court did not abuse its discretion by denying the motion to continue the sentencing hearing.

## II.

Jordan next contends that despite his pending state charges he should have received a reduction of his sentence based on his acceptance of responsibility, because: (1) the commentary to the guidelines provides that a defendant is not obliged to reveal conduct outside of his offense of conviction; and (2) since he cooperated with the government regarding the offense of conviction, the denial of the reduction results in him being sentenced unfairly based on uncharged, unproven conduct, that was unrelated to the instant offense. He asserts that application notes 1(a) and 3, for U.S.S.G. § 3E1.1, which emphasize conduct compromising the offense of conviction, conflict with this circuit's position on whether a defendant's post-plea criminal conduct, unrelated to the instant offense, affects entitlement to a reduction for acceptance of responsibility.

3

We review "the district court's determination of acceptance of responsibility only for clear error." United States v. Amedeo, 370 F.3d 1305, 1320 (11th Cir. 2004). We will not set aside a district court's determination that a defendant is not entitled to a reduction for acceptance of responsibility "unless the facts in the record clearly establish that a defendant has accepted personal responsibility." Id. at 1320-21. Section 3E1.1 allows the district court to decrease the offense level by two levels "if the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). Note 1 states that:

> a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a). A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection.

U.S.S.G. § 3E1.1, comment. (n. 1(a)). The commentary further states that evidence of the defendant's truthful admission of his criminal conduct "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." U.S.S.G. § 3E1.1, comment. (n. 3).

"A district court is authorized to consider subsequent criminal conduct, even if it is unrelated to the offense of conviction, in determining whether a decrease for

4

acceptance of responsibility is appropriate." Pace, 17 F.3d at 343. The Pace Court held that the purpose of application note 1 to the comment for § 3E1.1 is not to prevent a sentencing court from considering a defendant's subsequent criminal conduct when there is sufficient proof of it, but to prevent the court from denying a reduction simply because the defendant does not voluntarily admit all his criminal conduct. Id. at 344.

The state charges against Jordan were for a robbery he allegedly committed in connection with an attempt by him to sell drugs while he was out on bond after pleading guilty and while awaiting sentencing on the federal charges that led to this sentence. Because the law of this circuit permits district courts to consider the occurrence of criminal conduct unrelated to the charged offense in evaluating acceptance of responsibility, the district court did not clearly err by denying Jordan a reduction of sentence for acceptance of responsibility based upon the unrelated state charges filed against him.

### III.

Finally, Jordan contends that his fear of affecting his state trial prevented him from defending himself against the state charges at this sentence hearing and from offering any mitigating evidence about those charges, and as a result, the sentence imposed was unreasonable.

We review sentences for reasonableness. See United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir.2005); United States v. McVay, 447 F.3d 1348, 1353 (11th Cir. 2006). The district court first must correctly calculate the defendant's guideline range, then, using the 18 U.S.C. § 3553(a) sentencing factors, the court can impose a more severe or more lenient sentence as long as it is reasonable. United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005).

"Review for reasonableness is deferential." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." Id. A sentence within the advisory guideline range is not per se reasonable, but usually will be reasonable. See id. ("when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one.").

Jordan has cited no authority supporting his position that a strategic decision not to present available mitigating evidence at sentencing, for fear of affecting some other case, renders any resulting sentence unreasonable, and there is no logical reason that it would. His sentence at the low end of the applicable guidelines range is reasonable.

**AFFIRMED.**