[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-17205
Non-Argument Calendar

_____

D. C. Docket No. 05-00018-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY ANFIELD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(June 22, 2007)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Jimmy Anfield appeals his convictions for possession with intent to

distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and possession of firearms and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Anfield argues that (1) the district court abused its discretion in denying his motion for continuance and failing to inquire into the competency of his appointed counsel when the motion alerted the court to Anfield's dissatisfaction with counsel, and (2) the district court failed to ensure that his guilty plea was knowing and voluntary, as required by Fed.R.Crim.P. 11.

This Court reviews a district court's denial of a motion for a trial continuance for abuse of discretion. United States v. Baker, 432 F.3d 1189, 1248 (11th Cir. 2005), cert. denied, 126 S.Ct. 1809 (2006). Because Anfield objects to the district court's alleged Rule 11 failure for the first time on appeal, this Court reviews the district court proceedings only for plain error. See United States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003). "Under plain-error review, the defendant has the burden to show that there is (1) error (2) that is plain and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 1349 (quotations and citation omitted). A reviewing court looks to the entire record, not just to the Rule 11 hearing, to determine the effect of

2

a Rule 11 error. United States v. Vonn, 535 U.S. 55, 74-75, 122 S.Ct. 1043, 1054-55, 152 L.Ed.2d 90 (2002).

**Motion for Continuance**

Anfield argues that the district court abused its discretion by failing to inquire into his doubts about his court-appointed counsel and denying Anfield's motion to continue his trial date. Anfield points out that the motion itself alerted the court that Anfield had doubts about his counsel and the district court had a duty to ensure Anfield's Sixth Amendment right to counsel. Anfield further argues that the district court had a duty to develop the record regarding counsel's effectiveness when confronted with evidence that Anfield was not satisfied with his counsel.

"The Sixth and Fourteenth Amendments to the U.S. Constitution guarantee that any person brought to trial in any state or federal court must be afforded the right to assistance of counsel before he or she can be validly convicted and punished by imprisonment." United States v. Verderame, 51 F.3d 249, 251 (11th Cir. 1995). "[A]n element of this right is the right of a defendant who does not require appointed counsel to choose who will represent him." United States v. Gonzalez-Lopez, 548 U.S. __, __, 126 S.Ct. 2557, 2561, 165 L.Ed.2d 409 (2006). A necessary corollary of the right to counsel is a defendant's right to have "both a fair opportunity to be represented by counsel of his own choice and sufficient time

within which to prepare a defense." Baker, 432 F.3d at 1248 (quoting Gandy v. Alabama, 569 F.2d 1318, 1321-22 (5th Cir. 1978)). "The Sixth Amendment right to choose one's own counsel is circumscribed in several important respects. . . . [A] defendant may not insist on representation by an attorney he cannot afford or who for other reasons declines to represent the defendant." Wheat v. United States, 486 U.S. 153, 159, 108 S.Ct. 1692, 1697, 100 L.Ed.2d 140 (1988).

In some cases, a trial court's denial of a continuance request "may be so arbitrary and so fundamentally unfair" as to amount to a wrongful deprivation of the due process right to counsel. Gandy, 569 F.2d at 1323. "However, the Supreme Court has made clear that not every denial of a request for a continuance is a denial of due process." Id. at 1322. Rather, "the proper exercise of the trial court's discretion . . . requires a delicate balance between the defendant's right to adequate representation by counsel of his choice and the general interest in the prompt and efficient administration of justice." Baker, 432 F.3d at 1248. In light of the scheduling burdens that a court faces, the Supreme Court has stated that "broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to assistance of counsel." Morris v. Slappy, 461 U.S. 1, 11-12, 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610 (1983) (quotation

4

omitted).  See also Gonzalez-Lopez, __ U.S. at __, 126 S.Ct. at 2565-66 (citations

omitted) (recognizing "a trial court's wide latitude in balancing the right to counsel

of choice against the needs of fairness and against the demands of its calendar").

The district court inquired into Anfield's choice of counsel and was aware of

appointed counsel's competence.  Morever, Anfield did not present any unique

factors for his motion for continuance other than his own lack of cooperation with

appointed counsel.  Accordingly, the district court did not abuse its discretion in

denying Anfield's motion for continuance.

**Voluntary Nature of the Plea**

Anfield also argues that because the district court did not address his

concerns about his representation, he was forced to choose between pleading guilty

and going to trial with counsel he believed to be inadequate.  Therefore, he argues,

his guilty plea was not knowing and voluntary as required by Fed.R.Crim.P. 11.

Rule 11 provides that the court must address the defendant personally in

open court and inform the defendant of, and determine that he understands, a list of

14 specific items, which include rights of the defendant and the consequences of a

guilty plea.  See Fed.R.Crim.P. 11(b)(1).  In addition, the court must ensure that a

plea is knowing and voluntary.  Fed.R.Crim.P. 11(b)(2).  "A court accepting a

guilty plea must comply with Rule 11 and specifically address three core

5

principles, ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005) (quotation omitted). Generally, failure to address a Rule 11 core concern is plain error that affects a defendant's substantial rights. See Monroe, 353 F.3d at 1355-56.

The record shows that the district court addressed the core concerns of Rule 11 by ensuring that Anfield was aware of and understood his rights under Rule 11, the nature of the charges, and the consequences of a guilty plea. The record also shows that the district court ensured Anfield's plea was knowing and voluntary by reviewing the Rule 11 provisions in detail. Moreover, the district court addressed Anfield's concerns about his choice of counsel by inquiring into counsel's availability and Anfield's inability to pay for private counsel. Accordingly, the plea was knowing and voluntary, and the district court did not commit error, much less plain error, under Rule 11.

**AFFIRMED.**