[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 6, 2008
THOMAS K. KAHN
CLERK

No. 07-14578
Non-Argument Calendar

_____

D. C. Docket No. 07-00045-CR-ORL-19-UAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SCOTT J. WALFORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 6, 2008)

Before BIRCH, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Scott J. Walford appeals his convictions on four counts of attempting to

evade and defeat taxes, in violation of 26 U.S.C. § 7201. The district court denied his motions for a sixty-day continuance of trial, a rejection that Walford argues violated his constitutional rights under the Sixth and Fourteenth Amendments. For the reasons that follow, we AFFIRM the convictions.

## I. BACKGROUND

On 4 April 2007, a federal grand jury in the Middle District of Florida indicted Walford on four counts of tax evasion, in violation of 26 U.S.C. § 7201. He was arraigned the following day, at which point the magistrate judge appointed a public defender, Clarence Counts, as his counsel and set a trial date of 4 June 2007. R2 at 3–4, 9. Walford subsequently decided to proceed pro se, and Counts thereby filed a motion to withdraw as counsel on 17 May 2007. R3 at 2. At a status conference on 22 May, the court moved the trial date back two weeks, until 18 June, based on a request by the government. Id. at 3–4. Walford did not oppose this extension.

Three days later, the magistrate judge conducted a hearing, pursuant to Faretta v. California, 422 U.S. 806, 95 S. Ct. 2525 (1975), to determine whether to allow Counts to withdraw as Walford's counsel. During the hearing, the magistrate judge asked Walford whether he intended to proceed without an attorney or instead wanted an extension of time to find one. R4 at 3. Walford

indicated that he was choosing the former option. Id. The magistrate judge then attempted to make sure that Walford comprehended that the case was set for trial in June and that, if the court approved the withdrawal, he would not likely be able to receive a continuance. Id. at 4. Walford acknowledged that he understood and repeatedly indicated his desire to proceed pro se, despite the magistrate judge's cautioning him not to do so. Id. at 10, 12. The court granted Walford's request to proceed pro se, but had Counts remain involved in the case as stand-by counsel, over Walford's objection. Id. at 15–16.

On 31 May, Walford filed a motion for a sixty-day continuance of trial, stating that he needed time to hire an attorney. R1-29 at 2. The district court denied the motion, finding that Walford failed to show good cause for a continuance. R1-30. Four days later, Walford filed a second motion seeking a sixty-day continuance, indicating that he had insufficient time to review documents and prepare a defense since he had just received his case file from Counts on 25 May. R1-31. The court denied this motion as well, stating that Walford did not show sufficient grounds for a continuance, particularly in light of the court's demanding trial schedule. R1-34. During a scheduling conference on 13 June, the district court confirmed that the government had timely complied with its discovery obligations. R5 at 2–4. Trial commenced as scheduled on 18 June, and

3

the jury found Walford guilty on all four counts.  R1-43, 48.

On 20 June, the same day as the jury verdict, the district court issued a written order discussing its rationale for denying the motions for continuance.  R1-54.  The court emphasized the inconvenience to itself and others that would be involved in postponing the trial, noting that it had a heavy caseload and had rearranged the trial dates of other cases to accommodate Walford on 18 June.  Id. at 6.  The court also noted that, although it had not granted Walford's requests, he had an additional two weeks of preparation time in relation to the original trial date of 4 June.  Id. at 4.  Further, it found the seventy-five-day period between indictment and trial to be sufficient time to prepare a defense, noting that the underlying case was not complex and that Walford should have been familiar with the documents produced by the government, which he previously had either prepared, signed, or received.  Id. at 4–5.  Any lack of preparation was thus attributable to Walford's own decision to fire an otherwise capable and prepared counsel so shortly before trial.  Id. at 5.  The court subsequently sentenced Walford to 33 months of imprisonment and he appealed the convictions.

## II. DISCUSSION

We review the denial of a motion for a continuance for abuse of discretion.  See United States v. Baker, 432 F.3d 1189, 1248 (11th Cir. 2005).  "The Sixth

Amendment right to counsel guarantees a defendant both a fair opportunity to be represented by counsel of his choice and a sufficient time within which to prepare a defense." Id. (citation and quotation marks omitted). "Under certain circumstances, denial of a motion for a continuance of trial may vitiate the effect of this fundamental right." United States v. Verderame, 51 F.3d 249, 251 (11th Cir. 1995). Determining when such a denial would be "so arbitrary as to violate due process" involves a case-specific inquiry, focusing on the rationales cited by the party seeking the continuance. Id. (citation omitted). In order to prevail on such a claim, a defendant must show that the denial "resulted in specific substantial prejudice" to him. Id.

As we have noted, "not every denial of a request for a continuance is a denial of due process." Baker, 432 F.3d at 1248. Due process only requires that defendants have "a fair or reasonable opportunity to select the attorney of their choice." Id. In addressing continuance motions based on lack of adequate counsel, courts must balance "the defendant's right to adequate representation by counsel of his choice" with "the general interest in the prompt and efficient administration of justice." Id. We give trial courts a "great deal of latitude in scheduling trials," only requiring them to grant continuances for "compelling reasons." Morris v. Slappy, 461 U.S. 1, 11, 103 S. Ct. 1610, 1616 (1983). Courts considering whether

5

a denial of a continuance deprives a defendant of a "fair and reasonable opportunity" to select his own counsel should look at a variety of factors, including:

> (1) the length of the delay; (2) whether the counsel who becomes unavailable for trial has associates prepared to try the case; (3) whether other continuances have been requested and granted; (4) the inconvenience to all involved in the trial; (5) whether the requested continuance is for a legitimate reason; and (6) any unique factors.

Baker, 432 F.3d at 1248 (citations and quotation marks omitted). When a defendant claims a district court violated his due process rights by denying a motion for a continuance based on a claim of inadequate preparation time, we consider "the quantum of time available for preparation, the likelihood of prejudice from denial, the accused's role in shortening the effective preparation time, the degree of complexity of the case, and the availability of discovery from the prosecution." United States v. Garamany, 762 F.2d 929, 936 (11th Cir. 1985) (citations and internal quotation marks omitted).

Under these standards, Walford has failed to show that he was either deprived of the ability to choose counsel or that his due process rights were violated. He appears to meet few, if any, of the factors identified in Baker. See Baker, 432 F.3d at 1248. The requested continuance would have almost doubled the overall length of the proceedings — from 75 to at least 135 days. He had a

well-prepared attorney, Counts, available on stand-by if needed.  Granting a continuance would have inconvenienced the court, with its busy trial schedule, and all the witnesses and lawyers who had made plans based on the 18 June date.  Further, as the court observed, Walford had only himself to blame for his lack of preparation.  See R1-54 at 5.  The sole possible factor in Walford's favor would be the court's refusal to grant him any previous continuances; however, the strength of this factor was mitigated by the court's moving the trial date back two weeks, thus giving Walford more time than he otherwise would have had.  Based on these considerations, the trial court was within its discretion in denying the motion for continuance for the purpose of hiring a new attorney.

Similarly, Walford has shown insufficient evidence to prove a due process violation based on inadequate preparation time.  He had seventy-five days from the time of indictment to prepare for a trial that did not involve legally complex issues or difficult facts, particularly for someone already familiar with the documents.  See id.  Those occasions where we have found reversible error in a trial court's denial of a motion for continuance have occurred when there was either a much shorter time to prepare or where the case involved a great deal more legal and factual disputes.  In Verderame, for example, we found that the trial court improperly rejected a continuance when the defendant had thirty-four days

between indictment and trial and had to contend with a variety of legal issues, some of which only arose in the week leading up to trial. See Verderame, 51 F.3d at 251–52. Conversely, we have deemed two months to be sufficient and non-prejudicial in more complicated cases than Walford's. See United States v. Davis, 967 F.2d 516, 518–19 (11th Cir. 1992) (finding two-month window to be adequate preparatory time even though the case involved "extensive discovery"); United States v. Darby, 744 F.2d 1508, 1522–23 (11th Cir. 1984) (finding one month to be non-prejudicial in legally straightforward but factually complex case).

Accordingly, we refuse to find the preparatory time here prejudicial, particularly since Walford had notice that he would likely not receive a continuance if he chose to proceed pro se. This conclusion also counters Walford's assertion that the court's rigidity essentially forced him into proceeding pro se. See Baker, 432 F.3d at 1252 (finding that defendant had "prejudiced himself" by delaying his motion for a continuance until the last minute, since he had been on notice for a while that his counsel might be unavailable). Since the trial court specifically informed him that he would likely not get a continuance if he chose to proceed pro se, it would appear that any resulting harm was knowingly self-inflicted. The trial court thus did not abuse its discretion in denying a continuance based on lack of sufficient time to prepare.

8

### III. CONCLUSION

Based on the record, Walford has failed to provide sufficient evidence that the district court's refusal to grant his motion for a continuance amounted to a violation of his constitutional rights. The district court was justified in its determination that Walford had sufficient time to prepare and that any problems resulted from his conscious decision to remove his counsel. Accordingly, we find no abuse of discretion and AFFIRM Walford's convictions.

**AFFIRMED.**