[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10076
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20503-UU-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD BRINSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 13, 2017)

Before WILSON, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Following a jury trial, Defendant Donald Brinson appeals his conviction for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g) and 924(e). On the day trial was set to begin, the Government provided defense counsel with several recordings of Defendant's prison telephone calls. Defense counsel requested a continuance: first, because she was not ready to proceed and second, because she wanted time to review these phone calls. Ruling that counsel should have been ready to proceed and that the phone calls would not be allowed into evidence, the district court denied Defendant's request for a continuance, and moved forward with the trial. Defendant now challenges the denial of his request for a continuance. After careful review, we affirm.

## I. BACKGROUND

### A.    Factual Background

On June 24, 2015, Miami-Dade Police Department Detective Ernesto Rodriguez was on patrol when he encountered a vehicle that had been reported stolen earlier in the day. Detective Rodriguez observed two people in the vehicle: a male and a female. The vehicle did not initially stop when Detective Rodriguez activated his patrol car lights but, shortly thereafter, the vehicle parked in the driveway of a residence. When Detective Rodriguez approached the vehicle, he observed the driver, later identified as Defendant, remove a firearm from his waistband and place it between the center console and the passenger seat. After

2

securing Defendant and the passenger, officers found a firearm in the area of the vehicle between the center console and the front passenger seat.  A subsequent investigation revealed that the firearm was a stolen Glock pistol.

### B.    Procedural History

A federal grand jury subsequently issued an indictment against Defendant charging him with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g) and 924(e).

Defendant pled not guilty and proceeded to trial.  In August 2015, Defense counsel filed an unopposed motion to continue trial and stated that the defense would be ready for trial the week of October 6, 2015 through October 19, 2015. The district court set trial for October 19, 2015.

At the calendar call on October 14, 2015, defense counsel informed the court that Defendant was ready for trial.  The court informed defense counsel that if the case preceding it on the trial calendar, which was also one of defense counsel's cases, was resolved by a guilty plea instead of a trial, defense counsel should be ready to try Defendant's case.

The court called the case for trial on October 19, 2015.  But contrary to the representation made at calendar call, defense counsel now announced that she was not ready to proceed because she had not expected the preceding case to be resolved by a guilty plea.  She added, as another ground for delay, that the

3

Government had just presented her with some recordings of Defendant's prison phone calls. The district court responded that the prison calls would not be admitted into evidence. Expressing concern that these calls by her client might include some *Brady*[1] material, counsel asked if she could have a continuance after selecting the jury to review the calls before providing her opening statement to the jury. Government counsel responded that, while he had not personally listened to the approximately 65 phone calls, he did not believe they contained any *Brady* material based on his conversations with the case agent who had listened to them. The Government explained that it was producing the recordings, as required by the standing discovery order[2] because the recordings contained statements of

---

[1]  *Brady v. Maryland*, 373 U.S. 83 (1963).

[2]  The standing discovery ordered required the parties to comply with Southern District of Florida's Local Rule 88.10. This rule provides in relevant part that:

> (a)  The government shall permit the defendant to inspect and copy the following items or copies thereof, or supply copies thereof, which are within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known to the government:
>
>> (1)  Written or recorded statements made by the defendant;
>>
>> (2)  The substance of any oral statement made by the defendant before or after his arrest in response to interrogation by a then known-to-be government agent which the government intends to offer in evidence at trial;
>>
>> (3)  Recorded grand jury testimony of the defendant relating to the offenses charged;
>>
>> (4)  The defendant's arrest and conviction record;

Defendant.  As to Defendant's apparent argument that the Government had violated the standing discovery order with the late production of these recordings, the district court stated that although the standing discovery order required the Government to produce statements of Defendant in its custody, it did not necessarily require production of every prison phone call that a defendant may have made.  Characterizing Defendant's argument as a "red herring," the district court denied the request for a continuance.

At the two-day trial, the Government presented six witnesses during its case-in-chief.  After the district court denied Defendant's motion for judgment of acquittal, Defendant did not present any evidence or testify in his defense.  The jury ultimately found Defendant guilty as charged.  At sentencing, the district court determined that Defendant was an armed career criminal, 18 U.S.C. § 924(e), and sentenced him to 180 months' imprisonment.  This appeal followed.

---

(5)  Except as provided in Fed. R. Crim. P. 16(a)(2), books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are material to the preparation of the defendant's defense, or which the government intends to use as evidence at trial to prove its case-in-chief, or which were obtained from or belonging to the defendant; and

(6)  Results or reports of physical or mental examinations, and of scientific tests or experiments, made in connection with this case.

S.D. Fla. Loc. R. 88.10 (2015).

## II. DISCUSSION

We review the district court's denial of a motion to continue trial for an abuse of discretion. *United States v. Graham*, 643 F.3d 885, 893 (11th Cir. 2011). In order to succeed on this claim, a defendant must show any abuse of discretion resulted in substantial prejudice. *United States v. Verderame*, 51 F.3d 249, 251 (11th Cir. 1995). "This issue must be decided in light of the circumstances presented, focusing upon the reasons for the continuance offered to the trial court when the request was denied." *United States v. Knowles*, 66 F.3d 1146, 1160–61 (11th Cir. 1995).

Here, Defendant has not shown that he was substantially prejudiced by his inability to review the recorded telephone calls prior to the beginning of the trial. First, the record shows that none of the recorded telephone calls were introduced at trial. In fact, the Government agreed that it would not use any of the phone calls and the district court made clear that the telephone calls would not be admitted into evidence. As to whether the calls contained any exculpatory information, apparently they did not, given the fact that with months of time after trial to listen to the calls, Defendant has still been unable to point to any exculpatory or impeachment information contained in these calls.[3] *See United States v. Saget*,

---

[3] The Government also notes that Defendant had the ability to subpoena the recorded telephone calls had counsel thought them to be potentially useful.

991 F.2d 702, 708 (11th Cir. 1993) (concluding that defendant failed to show substantial prejudice resulting from the district court's denial of his motion for a continuance because he did not "identify relevant, non-cumulative evidence that would have been presented if his request for a continuance had been granted"). Defendant's failure to explain what evidentiary value any of his prior statements had means that he has shown no prejudice, much less substantial prejudice, based on the denial of his continuance motion.

Defendant responds, however, that the prejudice he suffered from the Government's violation of the standing discovery order was the inability to make an informed decision about whether to testify in his own defense. Even assuming that the Government's disclosure of the recorded telephone calls on the first day of trial violated the standing discovery order,[4] Defendant still cannot prevail on his argument because he shows no substantial prejudice. *United States v. Camargo-Vergara*, 57 F.3d 993, 998 (11th Cir. 1995) (explaining that the violation of a standing discovery order constitutes reversible error only when there is substantial prejudice, meaning that the "defendant is unduly surprised and lacks an opportunity to prepare a defense"). Defendant's claim that he might have testified had he just known what was on the tapes is too speculative to establish substantial

---

[4] The record does not indicate when the Government first obtained these recordings. Thus, we cannot ascertain whether there was a delay in disclosure significant enough to imply a violation of the standing discovery order.

7

prejudice.[5]  *Cf. Luce v. United States*, 469 U.S. 38, 41 (1984) (concluding that it could not meaningfully review defendant's claim challenging the district court's ruling permitting the admission of impeachment evidence because the defendant did not testify and therefore the Government did not have the opportunity to use the impeachment evidence); *see also United States v. Hall*, 312 F.3d 1250, 1256–58 (11th Cir. 2002) (determining that the potential harm stemming from district court's pre-trial evidentiary ruling under Fed. R. Evid. 404(b) was speculative because the defendant did not testify).

Moreover, because the Government's case extended over two days, Defendant and his two lawyers had the entire evening after the first day of trial to listen to some of the calls and determine whether they would impact Defendant's decision to testify.  Indeed, Defendant never expressed any concern to the district court that the phone conversations might contain impeachment evidence.  *Cf. United States v. Rivera*, 944 F.2d 1563, 1566 (11th Cir. 1991) (concluding that defendant had not shown that he was substantially prejudiced by the Government's late disclosure of a statement made by the defendant because it was defendant's "own statement which he should have had some knowledge of making").

---

[5]  As to Defendant's statement in his brief that he was originally planning to testify and dispute the officer's version of events, the Government disputes the plausibility of this assertion, given what the Government characterizes as Defendant's "vast criminal history" that would have been exposed through cross-examination had Defendant taken the stand.

In short, Defendant has offered only speculation that listening to these recordings of calls he made might have prompted him to testify. This speculation does not constitute substantial evidence of prejudice. Therefore, Defendant has failed to demonstrate that the district court abused its discretion by denying his motion for a continuance.[6]

**AFFIRMED.**

---

[6] Defendant attaches an index of the recorded telephone conversations to his appellate brief and asks us to supplement the record with this index. We deny his request. *See Jones v. White*, 992 F.2d 1548, 1567 (11th Cir. 1993) ("We have not allowed supplementation when a party has failed to request leave of this court to supplement a record on appeal or has appended material to an appellate brief without filing a motion requesting supplementation."); *see also Selman v. Cobb Cty. Sch. Dist.*, 449 F.3d 1320, 1332 (11th Cir. 2006) ("In deciding issues on appeal we consider only evidence that was part of the record before the district court.").