[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16408
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20385-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERRY GREEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 23, 2017)

Before ED CARNES, Chief Judge, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Berry Green was charged with one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Before trial his lawyer filed a motion to continue the trial date, requesting more time "to effectively prepare this matter for change of plea or for trial." The district court denied that motion. On the morning of the first day of his trial, Green told the district court that he was concerned that the government was planning to pursue the 180-month mandatory minimum sentence set out in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), and that he did not believe he qualified as an armed career criminal because his previous offenses occurred when he was a juvenile. He also told the district court that he was willing to plead guilty if he could be assured that he (1) did not qualify as an armed career criminal, (2) would not be subject to the ACCA's 180-month minimum sentence, and (3) would be sentenced within the advisory United States Sentencing Guidelines range. The district court explained that it could not take part in any plea negotiation and then gave Green a few minutes to speak with his attorney and decide whether to plead guilty.

After speaking with counsel, Green said that he wanted to enter into a guilty plea, but when the district court began the plea colloquy he indicated that his decision to plead guilty was conditioned on the assurance that he would not be subject to the ACCA and would be sentenced within the advisory guidelines range.

2

At that point, the district court ended the plea colloquy and began the jury selection process. After a two-day trial, the jury found Green guilty of the charged count, and the district court found that the ACCA applied and sentenced him to 200 months imprisonment. He now appeals his conviction and sentence.

Green first contends that the district court erred by denying his motion to continue the trial date. "To prevail on such a claim, a defendant must show that the denial of the motion for continuance was an abuse of discretion which resulted in specific substantial prejudice." United States v. Verdarame, 51 F.3d 249, 251 (11th Cir. 1995). He asserts that the district court abused its discretion because it failed to give him and his attorney enough time to discuss whether he would be subject to the ACCA's mandatory minimum sentence, and that he would have pleaded guilty had the continuance been granted.

Even if the district court abused its discretion by denying Green's motion for a continuance, the error did not result in specific substantial prejudice because the record shows that Green would have proceeded to trial even if the district court had granted the continuance. The record is clear that Green was willing to plead guilty to being a felon in possession of a firearm only if he was not subject to the ACCA's mandatory minimum sentence, and he does not argue on appeal that the district court erred in finding that the ACCA applied to his case. Because the record is clear that he was willing to plead guilty only if the ACCA did not apply,

3

and because the ACCA did apply and Green offers no evidence showing that it would not have applied had he pleaded guilty, he would have ultimately proceeded to trial even if the district court had granted the continuance. As a result, any abuse of discretion in denying Green's motion to continue did not result in specific substantial prejudice, and reversal is not warranted.

Green also appeals the district court's denial of his request for a two-level guidelines reduction based on his acceptance of responsibility. See U.S.S.G. § 3E1.1(a) ("If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels."). We review for clear error a denial of a reduction of a sentence for acceptance of responsibility, "and that finding is entitled to great deference on review and should not be disturbed unless it is without foundation." United States v. Knight, 562 F.3d 1314, 1322 (11th Cir. 2009).

Green contends that the district court erred in denying his request for the two-level reduction for acceptance of responsibility because he entered into stipulations concerning his status as a felon and the fact that the firearm at issue had traveled in interstate commerce and because he did not testify at trial. While "[i]n rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial," U.S.S.G. § 3E1.1 cmt. n.2, the district court did not clearly err in

4

finding that Green had not accepted responsibility. Although he stipulated to his status as a felon and to the fact that the firearm had travelled in interstate commerce, those stipulations ensured that the jury at trial would not hear about his previous offenses (which led to his felon status) or learn that the gun he possessed had been stolen. And while Green did not testify, his defense at trial was that the officer who testified to seeing him with the gun was not a credible witness. Because his defense at trial was that he never possessed the weapon, and because his stipulations prevented the government from offering prejudicial evidence, the district court did not clearly err in finding that he had not demonstrated acceptance of responsibility and was not entitled to the two-level reduction under § 3E1.1(a).

Green also contends that the district court should have applied § 3E1.1(a)'s two-level reduction based on his willingness to plead guilty. As we have already discussed, the record was clear that Green was willing to plead guilty only if he was assured that the ACCA's 15-year mandatory minimum did not apply. The district court did not clearly err in finding that his conditional willingness to plead guilty did not demonstrate acceptance of responsibility.

**AFFIRMED.**

5