Filed 9/13/22  P. v. Johnson CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANDRE JOHNSON,<br><br>    Defendant and Appellant. | F083747<br><br>(Super. Ct. No. CF98612873)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Christopher J. Rench and Kelly E. LeBel, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Detjen, Acting P. J., Smith, J. and Snauffer, J.

Defendant Andre Johnson contends on appeal that (1) his sentences on counts 4 and 7 must be vacated and his case remanded for resentencing in light of Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567), which modified Penal Code section 1170, subdivision (b);[1] (2) the trial court abused its discretion in denying his *Romero*[2] motion to dismiss his prior felony "strike" convictions and other enhancements within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)); and (3) the abstract of judgment must be corrected to reflect credit for all days he was in custody, including both presentence and postsentence, as well as presentence conduct credit. We vacate defendant's sentence and remand for resentencing in light of amended section 1170, subdivision (b). The trial court is directed to prepare an amended abstract of judgment. In all other respects, we affirm.

## PROCEDURAL SUMMARY

In 1998, a jury convicted defendant on two counts each of second degree robbery (§§ 211 & 212.5, subd. (c); counts 1 & 3); receiving stolen property (§ 496, subd. (a); counts 2 & 7); false imprisonment (§ 236; counts 4 & 5); and one count each of second degree burglary (§ 459; count 6) and possession of a firearm by a felon (former § 12021, subd. (a)(1); count 8). The jury also found true personal use of a firearm enhancements (§ 12022.5, subd. (a)(1)) on counts 1, 3, and 5. Defendant admitted that he had suffered four prior serious felony convictions (§ 667, subd. (a)) and four prior strike convictions within the meaning of the Three Strikes law.

On October 23, 1998, the trial court struck two of the serious felony enhancement allegations. The trial court sentenced defendant to a determinate term of 22 years and an indeterminate term of 175 years to life.

---

[1]    All statutory references are to the Penal Code.

[2]    *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

2.

On July 23, 2014, pursuant to section 1170.126, defendant filed a pro se petition to recall his sentence.

On May 3, 2018, the trial court resentenced defendant to a total determinate term of 19 years four months, and a total indeterminate term of 75 years to life, as follows: on count 1, 25 years to life, plus two five-year serious felony enhancements, and a four-year arming enhancement; on count 3, 25 years to life, consecutive, and a four-year arming enhancement; on count 4, six years (the upper term, doubled pursuant to the prior strike conviction, in accordance with §§ 667, subd. (e)(1), 1170.12, subds. (b) & (c)(1)), concurrent; on count 5, 25 years to life, concurrent, and a four-year arming enhancement; on count 6, 16 months (one-third the midterm), consecutive; on count 7, six years (the upper term, doubled pursuant to the prior strike conviction, in accordance with §§ 667, subd. (e)(1), 1170.12, subds. (b) & (c)(1)), concurrent; and on count 8, 25 years to life, consecutive.[3]

On June 28, 2019, this court vacated defendant's sentence and remanded the matter for resentencing. (*People v. Johnson* (June 28, 2019, F077491) [nonpub. opn.].) Defendant was also granted permission to file a *Romero* motion.

On July 29, 2021, the resentencing hearing was held. The trial court denied defendant's *Romero* motion and resentenced defendant to a new total determinate term of 27 years, plus an indeterminate term of 75 years to life. On counts 4 and 7, defendant was again sentenced to six years each (the upper terms, doubled).

On August 20, 2021, defendant filed a notice of appeal.

---

[3] On May 3, 2018, the trial court described counts 1, 3, and 5 as consecutive and count 8 as concurrent, but a minute order from the same date describes counts 1, 3, and 8 as consecutive and count 5 as concurrent. However, regardless of which is correct, the cumulative sentence is not affected.

# FACTUAL SUMMARY

Defendant was involved in a series of armed theft-related offenses, during which he restrained several of his victims. Defendant was also in possession of stolen property.

# DISCUSSION

## I.     Senate Bill 567

Defendant contends the trial court's sentence to the upper term on counts 4 and 7 should be vacated and the case remanded in light of Senate Bill 567's amendments to section 1170, subdivision (b). The People agree, as do we.

### A.     *Background*

On July 29, 2021, during defendant's most recent resentencing hearing, the trial court sentenced defendant to the upper term of three years on count 4 (§ 236) (false imprisonment) and the upper term of three years on count 7 (§ 496, subd. (a) (possession of stolen property). These upper terms were both doubled to six years pursuant to section 667, subdivision (e)(1). The trial court did not state that there were any aggravating circumstances upon which it relied when sentencing defendant to the upper terms on counts 4 and 7.

### B.     *Law*

On October 8, 2021, Senate Bill 567 was signed into law. It amends the determinate sentencing law, section 1170, subdivision (b), which delineates the trial court's authority to impose one of three statutory terms of imprisonment, known as the lower, middle, or upper terms, by making the middle term the presumptive sentence for a term of imprisonment, unless certain circumstances exist. (See Stats. 2021, ch. 731, § 1.3, adding § 1170, subd. (b)(1), (2).) Effective January 1, 2022, under the newly amended law, the trial court may impose an upper term sentence only where circumstances in aggravation justify imposition of a term above the middle term, and the facts underlying all of the aggravating circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt by a jury or court trial. (*Ibid*.)

4.

Under amended section 1170, subdivision (b)(5), the trial court must "set forth on the record the facts and reasons for choosing the sentence imposed. The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law." (§ 1170, subd. (b)(5).)

### C.    Analysis

Senate Bill 567 went into effect on January 1, 2022. Absent evidence to the contrary, the Legislature intends amendments to statutes that reduce the punishment for a particular crime to apply to all defendants whose judgments are not yet final on the amendment's operative date. (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307–308 [discussing *In re Estrada* (1965) 63 Cal.2d 740]; *People v. Brown* (2012) 54 Cal.4th 314, 323.) The "consideration of paramount importance" is whether the amendment lessens punishment. (*Estrada*, at p. 744.) If so, the "inevitable inference [is] that the Legislature must have intended that the new statute" apply retroactively. (*Estrada*, at p. 745.) As Senate Bill 567's amendments to section 1170, subdivision (b), lessen punishment, and there is no indication that the Legislature intended it to apply prospectively only, the new law must be retroactively applied. Therefore, the amendment to section 1170, subdivision (b), applies to all cases not final on Senate Bill 567's effective date. (*Estrada*, at pp. 745–746; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

As a threshold matter, the parties agree that Senate Bill 567 is retroactive to cases not yet final on appeal pursuant to *Estrada* and that defendant's case was not final on January 1, 2022. We agree.

The upper term was imposed on counts 4 and 7, but no circumstances in aggravation were cited by the trial court. However, amended section 1170, subdivision (b)(5), now requires the trial court to "set forth on the record the facts and reasons for choosing the sentence imposed." (§ 1170, subd. (b)(5).) Defendant's sentence to the upper term on counts 4 and 7 by the trial court is therefore not consistent

with the requirements of Senate Bill 567's amendment to section 1170, subdivision (b). Therefore, as the parties agree, the sentence must be vacated and the matter remanded to the trial court for resentencing in compliance with amended section 1170, subdivision (b).[4]

## II. *Romero* Motion and Due Process Violation

Defendant contends the trial court abused its discretion when it denied his *Romero* motion to dismiss his prior strike convictions and other enhancements and violated his due process rights under the Fifth and Fourteenth Amendments by denying the *Romero* motion. The People disagree. We agree with the People.

### A. *Background*

On June 18, 2021, defense counsel filed a motion asking the trial court to strike one of defendant's prior strike convictions under *Romero*. Defendant's motion argued that the "minor" nature of the current offense may serve as a basis for dismissing a strike prior. The motion argued further that defendant would still serve a lengthy sentence even if the court were to dismiss a strike prior. He also contended defendant was at high risk of catching COVID-19. The People filed an opposition to defendant's *Romero* motion on July 13, 2021. The People argued defendant had a lengthy and continuous criminal history. Defendant had suffered a conviction for arson in 1979 and served 180 days in jail. Defendant was 21 years old at the time of the crime. Defendant's probation was revoked in 1981 and he was given a sentence of two years in prison. In 1982, he was paroled. In 1986, he was convicted of grand theft auto and sentenced to 60 days in jail.

---

[4] The parties also agree defendant's case must be remanded for the trial court to recalculate the actual custody credits defendant earned as of his resentencing on July 29, 2021. However, as defendant's sentence is vacated and remanded for resentencing in accordance with amended section 1170, subdivision (b), we need not address this issue because the trial court must recalculate his custody credits on remand. (See § 2900.1; *People v. Buckhalter* (2001) 26 Cal.4th 20, 23.)

Defendant was 29 years old when he committed that offense. In 1987, he was convicted of three counts of robbery and sentenced to a three-year term. Also in 1987, defendant was convicted of two counts of robbery with a firearm enhancement and sentenced to 164 months in prison consecutive to his sentence in the prior robbery case. He was discharged from parole in 1994.

Three years later, defendant committed the current offenses. In March 1997, defendant used his employment as a security guard to gain access to a locked storeroom at an office. He possessed computer equipment that had been stolen from the office's storeroom. Next, on July 31, 1997, he and a codefendant entered a pawn shop, purportedly to purchase a ring. He pointed a gun at a store employee, Susan G., and threatened to kill her. He then strapped her hands behind her back and held her at gunpoint. He and his codefendant stole jewelry and two guns. Next, in August 1997, he and a codefendant committed a robbery at a recycling center. Defendant threatened two of the store's employees, Javier R. and Jorge H., with a gun, tied their hands behind their backs with plastic straps, and sat them on the ground. He also restrained a third person, Stacy S., in the office. He held her at gunpoint as he stole money from the cash register and safe. Defendant was nearly 40 years old when he committed the instant offenses.

At the resentencing hearing on July 29, 2021, the trial court stated it had considered both defendant's *Romero* motion and the opposition filed by the People. The trial court stated,

> "[T]his is textbook what the Three Strikes Law was written for.
> [Defendant] has a significant criminal history spanning multiple decades.
> This is not a situation where [defendant] as a young person engaged in
> strike conduct that was not reflective of his normal conduct outside of those

offenses. His—he committed numerous strikes. His criminal history is significant. And I agree with the prior decision not to strike *Romero*."**5**

### B. Law

The intent of the Three Strikes law is " 'to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses.' " (*People v. Strong* (2001) 87 Cal.App.4th 328, 337 (*Strong*).) The Three Strikes law "was intended to restrict courts' discretion in sentencing repeat offenders" (*Romero*, *supra*, 13 Cal.4th at p. 528), and establishes a sentencing norm for longer sentences for repeat offenders, "carefully circumscrib[ing] the trial court's power to depart from this norm," requiring the trial court to explicitly justify its decision to depart from this norm. (*People v. Carmony* (2004) 33 Cal.4th 367, 378 (*Carmony*).) "In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*Carmony*, at p. 378.)

However, under the Three Strikes sentencing scheme the trial court retains jurisdiction to dismiss or strike one or more of a defendant's prior strike convictions, "subject, however, to strict compliance with the provisions of section 1385 and to review for abuse of discretion." (*Romero*, *supra*, 13 Cal.4th 497 at p. 504.) Section 1385 grants trial courts limited discretion to strike prior strike conviction allegations, where peculiar circumstances render application of the Three Strikes sentencing formula " ' "arbitrary, capricious or patently absurd." ' " (*Carmony*, *supra*, 33 Cal.4th at p. 378.) The lower court must determine whether "in light of the nature and circumstances of [the

---

**5** On April 20, 2018, defendant filed a motion to strike one of his prior strike convictions. On May 3, 2018, the court acknowledged receiving several motions from defendant and it again stated that the purpose of the hearing was to consider resentencing him only on the "applicable counts." The court also stated: "So the record is clear, each of the motions is denied, … essentially, on procedural grounds, timeliness grounds, and *even if I had the discretion to grant I would not*. But I'm just trying to make a record [that] I've read them. I've considered them. I'm denying them as outside the parameters of the issue before the court." (*People v. Johnson*, *supra*, F077491; italics added.)

defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161; see *Strong*, *supra*, 87 Cal.App.4th at p. 336 [The "spirit" of a law refers to the general meaning or purpose of the law.].) In those limited circumstances, a trial court's refusal to strike prior strikes constitutes an abuse of discretion. (*Carmony*, at p. 374.)

The extent of a defendant's criminal record is " 'undeniably relevant' " to the factors outlined in *Williams*, and the defendant's sentence is the overarching consideration when deciding to strike a prior conviction allegation "because the underlying purpose of striking prior conviction allegations is the avoidance of unjust sentences." (*People v. Garcia* (1999) 20 Cal.4th 490, 500, 501–502.) The sentence imposed by the trial court is, also, itself a factor when deciding a defendant's prospects for committing future crimes because the defendant will have fewer opportunities to commit crimes while incarcerated. (*People v. Gaston* (1999) 74 Cal.App.4th 310, 315 (*Gaston*).) Accordingly,

> " 'Where the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance' [citation]. Because the circumstances must be 'extraordinary … by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack' [citation], the circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary." (*Carmony*, *supra*, 33 Cal.4th at p. 378.)

On review, the trial court's denial of a *Romero* motion is strongly presumed to be a proper exercise of discretion, and the trial court is presumed to have considered all

relevant factors in the absence of an affirmative record to the contrary. (*Carmony*, *supra*, 33 Cal.4th at p. 378; *People v. Myers* (1999) 69 Cal.App.4th 305, 310 (*Myers*).) It is the defendant's burden to provide the trial court with evidence to support his *Romero* motion. (*People v. Lee* (2008) 161 Cal.App.4th 124, 129.)

### C. Analysis

The trial court did not abuse its discretion by refusing to strike any of defendant's prior convictions. Here, the trial court considered the parties' motions, and discussed defendant's history of reoffending, and although the trial court's statement did not discuss other factors, the trial court is presumed to have considered all relevant factors in the absence of an affirmative record to the contrary. (*Myers*, *supra*, 69 Cal.App.4th at p. 310.) It explained that defendant had a "significant" criminal history, reoffending repeatedly and committing "numerous strikes," and that this was not the case of someone committing a strike as a youth but thereafter living a law-abiding life. Additionally, defendant received a lengthy sentence for the current offenses, which itself is a relevant factor in the trial court's determination of whether defendant will reoffend. (*Gaston*, *supra*, 74 Cal.App.4th at p. 315.)

The trial court's discussion of proper considerations, along with the presumption that denial of a *Romero* motion is a proper exercise of discretion (*Carmony*, *supra*, 33 Cal.4th at p. 378), convince us that the trial court's denial of defendant's motion was not an abuse of discretion. The trial court's decision was not "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, at p. 377.) As we explain below, defendant's arguments do not persuade us.

Defendant first contends the trial court abused its discretion in denying his *Romero* motion as he falls outside the spirit of the Three Strikes law because no one was physically injured during the current offenses. He argues this mitigates his conduct and that he is not among " 'the worst,' " even with his extensive criminal record. However, "the Three Strikes law was devised for the 'revolving door' career criminal, and was expressly intended 'to ensure longer prison sentences … for those who commit a felony' as long as they were previously convicted of at least one strike." (*Strong*, *supra*, 87

10.

Cal.App.4th at pp. 331–332, fns. omitted.) As outlined above, defendant's criminal history began when he was 21 years old and continued with increasing seriousness and without any significant gaps in time until he committed the current offenses at age 40. Defendant robbed his victims at gunpoint while they were restrained, which defendant acknowledges was "serious," although no one was injured.

He next argues that his conduct during prison has been " ' "good," ' " and that he is a member of a church, positive factors that he contends support a lesser sentence. However, the sentence imposed by the trial court is, also, itself a factor when deciding a defendant's prospects for committing future crimes because the defendant will have fewer opportunities to commit crimes while incarcerated. (*Gaston*, *supra*, 74 Cal.App.4th 310, 315.) Although his behavior in prison has been good, he has been in prison most of his adult life and has reoffended regularly when released. Thus, while defendant's behavior in prison has been " ' "good," ' " it does not mean that he falls outside the spirit of the Three Strikes law.

The trial court did not abuse its discretion in denying defendant's *Romero* motion to dismiss his previous strike. The trial court discussed defendant's "significant" criminal history and is presumed to have considered all relevant factors in the absence of an affirmative record to the contrary. (*Carmony*, *supra*, 33 Cal.4th at p. 378; *Myers*, *supra*, 69 Cal.App.4th at p. 310.) Defendant has not presented affirmative evidence that his case was so "extraordinary" as to require the dismissal of his prior strike, or that the trial court's decision not to dismiss his prior strike was irrational or arbitrary. (See *Carmony*, at pp. 378–379.)

Defendant relied on *United States ex rel. Drew v. Myers* (E.D.Penn. 1963) 214 F.Supp.455 and *United States v. Verderame* (11th Cir. 1995) 51 F.3d 249 for the proposition that the trial court's " 'extreme abuse of discretion' " in denying his *Romero* motion constituted a due process violation. Because we conclude that the trial court did not abuse its discretion, his claim necessarily fails and we need not determine whether his claim is cognizable.

11.

## DISPOSITION

Defendant's sentence is vacated and the matter is remanded for resentencing in compliance with amended section 1170, subdivision (b). In resentencing defendant, the trial court must comply with all applicable laws regarding recalculation of defendant's custody credits. In all other respects, we affirm.